TOBIAS OLSON, Administrator, *vs.* ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY COMPANY.[1]

February 3, 1886.

**Master and Servant—Negligence—Pleading—Evidence.**—Under a complaint, alleging, in general terms, that the defendant corporation carelessly and negligently ran its snow-plough, with engine attached, upon and over the plaintiff's intestate, an employe of defendant, working on the railway track, at a time and place mentioned, and without fault or negligence on his part, the plaintiff is permitted to show that the accident was caused directly by the culpable negligence of the defendant, or its superior or managing officers, and not alone by the negligent act of a fellow-servant.

[1] NOTE: The case of *Larson* v. *St. P., M. & M. Ry. Co.,* presenting the same questions, was argued with this case, and decided in the same manner.

Appeal by defendant from an order of the district court for Grant county, *Collins*, J., presiding, overruling a demurrer to the complaint.

*R. B. Galusha* and *J. Kling*, for appellant.

*J. W. Reynolds*, for respondent.

VANDERBURGH, J.   It appears from the complaint that the plaintiff's intestate was in the employ of the defendant, and, while engaged in working on the railway track, was run over and killed by a snow-plough sent out upon the road during a storm of snow and wind; that, owing to the storm, which prevailed all along the defendant's line of road, and obstructed the passage of trains, the east-bound freight train, due at the station near which the deceased was employed, did not arrive at all on the day of the accident, but was constantly expected, and he was continually on the lookout for its approach while at work, until the accident.  The complaint also shows that while he was carefully keeping an outlook, and in particular watching for the delayed train, and attending to his duties as defendant's servant, "the defendant carelessly, negligently, wrongfully, and suddenly, without previous notice, warning, or announcement, ran its snow-plough, with engine attached, over its said line of railroad, from an easterly direction, upon and over the plaintiff's intestate."

Under these allegations the plaintiff is permitted to show that the accident was caused directly by the culpable negligence of the defendant corporation, or its superior or managing officers, and not alone by the negligent act of a co-servant.   We are not prepared to say that cases might not arise where a personal injury, under such circumstances, might be shown to be the result of the negligence or wrongful act or omission of the master.  If so, the plaintiff is entitled to the opportunity of proving such fact under the general allegations made in the complaint, and it is not necessary for the court to attempt to speculate as to what particular acts of negligence, on the part of the corporation, might cause or contribute to the injury complained of.   *Clark* v. *Chicago, M. & St. P. Ry. Co.*, 28 Minn. 69; *Ekman* v. *Minneapolis Street Ry. Co., ante, p.* 24.

Order affirmed.