ANDREW B. LARSON v. W. A. KELLY and Others.[1]

| 64 51 |
| s72 117 |

January 31, 1896.

Nos. 9696—(268).

**Justice of the Peace—Neglect to Enter Judgment—Liability on Bond.**

Where a justice of the peace neglects to enter a judgment in his docket within three days after the action is submitted to him for decision, and damages thereby result to the prevailing party to the action, the justice and the sureties on his bond are liable therefor, this being a ministerial duty, which the justice is required by statute to perform.

**Same—Bond Construed.**

The words "judicial duties," in a bond given by a justice of the peace for the faithful performance of his duty, construed as meaning "official duties."

Appeal by defendants Hawkins and Lien from an order of the district court for Norman county, Ives, J., overruling a demurrer to the complaint. Affirmed.

*Calkins & Sharpe* and *N. T. Moen*, for appellants.
*M. A. Brattland*, for respondent.

BUCK, J. This action is brought against the defendant Kelly, as a justice of the peace, and his sureties on his official bond, for his neglect to enter in his docket two judgments rendered by him in favor of this plaintiff, and against one Lars B. Foss, whereby it is alleged that the plaintiff lost his debts, and was thereby damaged in the sum named in the complaint. It is alleged that on the trial of the actions, and after the cases were submitted to the justice of the peace, he announced his decisions, but neglected and omitted to enter them in his docket, at which time, and when the transcripts thereof were filed in the clerk's office, the defendant Foss had property out of which the judgment might have been satisfied, but thereafter Foss became insolvent, and, as the judgments had not been perfected by entry of the same in the justice's docket, the plaintiff was not able to enforce the collection thereof. The allegations in the complaint are very indefinite, but are in substance as we have stated them. There was a demurrer interposed to the complaint

[1] Reported in 66 N. W. 130.

as to portions thereof by the appellants, and it is upon the questions raised by the demurrer that the case is brought here.

The demurrer admits the neglect of the justice of the peace to enter the judgments in his docket, and, as this was an omission upon his part of a ministerial duty, he and his bondsmen were liable therefor, unless there is a fatal defect in the bond, as claimed by his bondsmen. The condition of the bond is that Kelly, as such justice of the peace, would faithfully discharge his "judicial" duties as such justice, instead of faithfully discharging his "official" duties. This question is one of construction, and it must be determined by the light afforded by the bond itself, and by the law requiring a justice of the peace to give one for the faithful performance of his official duties. Part of G. S. 1894, § 957, relating to a justice of the peace giving a bond before entering upon the discharge of his official duties, reads as follows:

"He shall also execute a bond to the board of supervisors, with two or more sufficient sureties, to be approved by the chairman, in the penal sum of not less than five hundred dollars nor more than one thousand dollars, conditioned for the faithful discharge of his official duties. Said chairman shall endorse thereon his approval of the sureties named in such bond, and such justice shall immediately file the same, together with his oath of office, duly certified, with the clerk of the district court of the proper county, for the benefit of any person aggrieved by the acts of said justice; and any person aggrieved may maintain an action on said bond in his own name against said justice and his sureties."

The defendant Kelly was a justice of the peace of the village of Halstad, and his bond was approved by the president of the village council of that village, in accordance with the law relating to justices of that village, and it was duly filed in the office of the clerk of the district court of the county of Norman, wherein the village of Halstad is situated. The bond recites the fact that W. A. Kelly was on March 14, 1893, duly elected justice of the peace in and for the village of Halstad, in the county of Norman, for the term of two years, and was about to enter upon the duties of said office, and that this bond was to be void if he faithfully discharged all of his "judicial duties"; otherwise, to remain in full effect. Reading the bond and the requirements of the law together, in the light afforded by

what was required and intended, it is quite evident that we have a key and guide to what was the intention of the parties, and what object they intended to accomplish when they executed the bond. Kelly was duly elected as justice of the peace for the period of two years; took the oath to support the constitution, and to faithfully and impartially discharge the duties of his office. Only one thing remained to be done, and that was to execute a bond to faithfully discharge these duties. All of these matters were well known to the sureties, and, in aid of Kelly's completing all of the required conditions, they executed the bond; so that there cannot be any question raised as to the intent of the parties. The insertion, therefore, of the word "judicial," instead of "official," in the bond, was clearly a mistake, as evidenced by the bond itself and the purposes for which it was given under the law. In 2 Pars. Cont. p. 514, it is said that "an inaccurate description, and even a wrong name, of a person, will not necessarily defeat an instrument."

We think the law would permit correction of the error by construction where the instrument, as a whole, showed certainly that it was an error, and also showed with equal certainty how the error might and should be corrected. See, also, Richmond v. Woodard, 32 Vt. 833. In Sutherland on Stat. Const. p. 341, it is said that "where one word has been erroneously used for another, or a word omitted, and the context affords the means of correction, the proper word will be deemed substituted or supplied"; citing numerous authorities to sustain this position. The meaning of the bond is that the sureties were bound for the faithful performance by the justice of the duties pertaining to the office, or else it was utterly worthless. He would not be responsible to the plaintiff for a neglect to perform a judicial duty, but he and his sureties would be for his omitting a ministerial duty, which the law required him to perform, and where the condition of the bond required the performance of his official duties faithfully. This construction of the bond is the only one which will effectuate the evident intention of the parties, and also subserve private and public rights.

The order of the trial court overruling the demurrer is therefore affirmed.