ANDREW B. LARSON v. W. A. KELLY and Others.

April 29, 1898.

Nos. 10,955—(45).

**Action on Bond—Verdict Sustained by Evidence.**
    The evidence justified the verdict.

**Incompetent Testimony—Answering without Objection from Counsel—Motion to Strike Out.**
    Where the questions propounded to a witness clearly advise the opposite party that they are designed to elicit incompetent testimony, and they are answered without objection, the granting or refusing a motion to strike out the evidence is discretionary with the court.

**Justice of the Peace—Failure of Defendant to Appear and Answer—G. S. 1894, § 5022—Entry of Judgment.**
    The failure of the defendant, in an action in justice's court to appear and answer, is not a confession of judgment, within the meaning of G. S. 1894, § 5022, and in such case the justice has three days within which to render and enter judgments.

**Assignments of Error.**
    Certain assignments of error *held* too general to be available.

Appeal by plaintiff from an order of the district court for Norman county, Ives, J., denying a motion for a new trial. Affirmed.

The tenth, eleventh, twelfth and thirteenth assignments of error referred to in the opinion were as follows:

"10. The court erred in charging the jury substantially as follows: 'That if Justice Kelly, before the third day in which he was authorized by law to render and enter judgment had expired, assisted in a settlement between Andrew B. Larson and defendant Foss and believed that such settlement was made in good faith, then he was not bound to enter judgment.'

"11. The court erred in charging the jury substantially as follows: 'If you find that there was no settlement, and further find that the defendant Foss had property out of which those judgments could be collected, then defendants are liable.'

"12. The court erred in refusing plaintiff's first, second and third requests to charge the jury.

"13. The court erred in denying plaintiff's motion for a new trial."

*M. A. Brattland* and *Carmody & Leslie,* for appellant.

*W. W. Calkins* and *N. T. Moen,* for respondents.

MITCHELL, J.

This was an action on the official bond of a justice of the peace to recover damages caused by the failure of the justice to enter in his docket judgment in favor of the plaintiff and against one Foss.

The case was here on an appeal from an order overruling a demurrer to the complaint. 64 Minn. 51, 66 N. W. 130. After the case was remanded, the defendants answered. While other matters were set up in the answer, the only defense really urged on the trial, and the only one submitted to the jury, was that within three days after the cause was submitted to the justice the parties thereto made a full settlement of the matters in litigation by which Foss gave plaintiff a promissory note secured by chattel mortgage, which plaintiff accepted in full payment of the claim upon which the action was brought; and that plaintiff advised the justice of the fact, who for that reason did not enter judgment. This the plaintiff put in issue by his reply. This issue was submitted to the jury, which found a verdict for the defendants.

All we need say about the evidence is that we are of the opinion that it justified the verdict.

The only other question necessary to be considered is whether the trial court committed any error (excepted to and assigned as error) in the admission of evidence or in instructing the jury on the issue as to the settlement.

The evidence tended to show that the justice took part in bringing about the alleged settlement, and drew the note and mortgage referred to. Thereupon the defendants introduced evidence of a conversation (which occurred about the time the settlement was alleged to have been made) between the justice and a third party, in which the former stated to the latter that the matter was settled. The plaintiff was not present at this conversation. The questions propounded to the witness clearly disclosed the fact that the evidence sought to be elicited was a conversation between the justice and a third party. The plaintiff made no objection to the questions, but waited until they were answered, and then moved to have the testimony stricken out. Under these circumstances, the court was not bound to strike it out, although inadmissible as hearsay.

The only reasons urged why the instruction referred to in the tenth assignment was erroneous are (1) that there was no evidence to warrant such an instruction, and (2) that it was the duty of the justice to enter judgment forthwith, inasmuch as Foss did not appear or answer in the action before the justice and hence the three-days provision in G. S. 1894, § 5022, did not apply. It is claimed, in this connection, that the evidence showed that the settlement, if any, was not made until two days after the return day of the summons, and that therefore the justice was already in default in not having entered the judgment on his docket.

The first of these reasons is disposed of by saying that there was evidence tending to prove a settlement, and that the justice was aware of the fact. The second reason is disposed of by saying that the nonappearance of a defendant in a justice's court is not a confession of judgment or of the claim of the plaintiff. The plaintiff has to prove his claim notwithstanding the defendant's failure to appear and answer. G. S. 1894, § 4976. The confession of judgment referred to in section 5022 is the confession in writing, and on the personal appearance of the defendant, provided for in the three preceding sections.

While the instruction referred to in the eleventh assignment is not a complete statement of the whole law on the subject, yet, as far as it goes, it was certainly sufficiently favorable to the plaintiff.

Plaintiff's twelfth and thirteenth assignments of error are too general to be available. The assignments of error not covered by what has been already said contain nothing that is entitled to notice, further than to say that they are without any substantial merit.

Order affirmed.