## METROPOLITAN MUSIC COMPANY v. H. L. SHIRLEY.[1]

### June 15, 1906.

### Nos. 14,696—(66).

**Replevin.**

    In an action of replevin, *held,* that the trial court properly directed a verdict in favor of the intervenor.

Action in replevin in the district court for Wilkin county to recover possession of a piano, or $225, the value thereof, in case possession could not be had. Defendant answered disclaiming any interest in the property. The Merchants State Bank of Breckenridge intervened,

[1]Reported in 108 N. W. 271.

claiming a lien upon the piano for $68.74, and interest, under a chattel mortgage. The case was tried before Flaherty, J., who directed a verdict in favor of intervenor. From a judgment entered pursuant to the verdict, plaintiff appealed. Affirmed.

*Douglas & Griggs,* for appellant.

*Julius Schendel* and *Purcell & Divet,* for respondent.

ELLIOTT, J.[2]

This is an appeal from a judgment in favor of the intervenor and against the plaintiff. The action was in replevin to recover possession of a piano from one H. L. Shirley. The defendant answered alleging that the piano was in the possession of the Merchants State Bank of Breckenridge, which had acquired such possession under the terms of a certain chattel mortgage executed by one O'Laughlin. The bank intervened and filed a complaint in which its alleged rights as mortgagee in possession were fully stated.

When the action came to trial the plaintiff failed to prove a case against the defendant Shirley, and the action was dismissed as to him. As the plaintiff had admitted that the value of the piano was $225 the defendant might then have entered judgment for that amount against the plaintiff in default of the return of the piano. Defendant disclaimed any rights, and the intervenor proceeded to prove the allegations of its complaint. It offered in evidence a note and mortgage to it executed by O'Laughlin and wife. Objection was made to the note and it was excluded. The trial court held on the motion for a new trial that no objection was made to the reception of the mortgage.

While the record is somewhat ambiguous, we accept the construction given it by the court. The mortgage contains as a part thereof the affidavit of O'Laughlin that he was at the time the absolute and lawful owner of all the personal property described in the mortgage. Had objection been made the instrument would doubtless have been excluded, but being in evidence without objection, it was sufficient to show prima facie, that O'Laughlin was the owner of the piano at the time he mortgaged it to the bank. It was hearsay evidence but, like other incompetent evidence, it has probative force when received without objection. The court directed a verdict in favor of the intervenor

[2]START, C. J., dissents.

for the return of the property or for the value of its special property in the piano, which was valued at $68.75 with interest thereon from May 24, 1902. The record is in a very unsatisfactory condition but as it is presented to us we find no reason why the conclusions of the trial court should be disturbed.

The judgment appealed from is affirmed.