IDA CROZIER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

November 6, 1908.

Nos. 15,785—(76).

**Verdict—Evidence.**

In a personal injury action, where the liability of the defendant was admitted, and the only question was as to the extent of the injuries, *held*, the verdict is sustained by the evidence.

**Opinion of Expert.**

An expert medical witness may give an opinion as to the cause of a person's physical condition, based upon the assumption that the testimony given at the trial is true.

**Same—Hypothetical Question.**

The trial judge may, in his discretion, allow an expert medical witness to base his opinion upon all the evidence for the plaintiff or for the defendant, provided he has heard the same; but the better practice under ordinary circumstances is to frame a hypothetical question.

**Use of Incompetent Evidence.**

Hearsay and other incompetent evidence, which was received without objection, has probative value, and may be taken into consideration or included in a hypothetical question.

**Foundation of Expert's Opinion.**

The opinion of an expert witness cannot be based upon the opinion of another expert.

Action in the district court for Hennepin county to recover $20,000 for personal injuries alleged to have been sustained while in one of defendant's cars by a collision with another car. The answer admitted defendant's negligence and tendered judgment in the sum of $400 which tender was refused on the ground that the amount was ridiculously inadequate for the injuries sustained. The case was tried before Frederick V. Brown, J., and a jury which rendered a verdict in favor of plaintiff for $9,500. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*N. M. Thygeson, W. H. Bennett,* and *D. R. Frost,* for appellant.
*Ludvig Arctander,* for respondent.

[1] Reported in 118 N. W. 256.

ELLIOTT, J.

The respondent, Ida Crozier, was a passenger on one of the street cars of the appellant, which collided with another car. She brought this action to recover damages which she claims to have sustained. The answer admitted the negligence of the company and tendered judgment for $400. The plaintiff claims that as the result of the collision she suffered a misplacement of the uterus, the dislocation of the left shoulder, resulting in the paralysis of the deltoid muscle, and is suffering from traumatic neurasthenia. Special damages in the sum of $985.30 were alleged. The jury returned a verdict in favor of the plaintiff for $9,500, and the defendant appealed from an order denying its motion for a new trial.

1. The admission of the answer left only the question of the extent of the plaintiff's injuries and the resulting damages to be determined by the jury. The assignments of error question the correctness of certain rulings upon evidence and the refusal of the court to give a certain instruction as requested. It is also contended that the injuries were not so serious and permanent as claimed by the plaintiff, and that the verdict was therefore excessive.

2. We do not intend to take time or space to consider in detail the assignments which relate solely to the alleged errors of the trial court in overruling objections to certain questions asked the expert medical witnesses. They are entirely without merit. The objections in brief are that certain questions did not disclose the facts upon which the opinion was solicited, permitted the witness to invade the province of the jury, to base an opinion upon hearsay and other incompetent evidence and upon the opinions of other experts, or upon declarations as to past conditions, and that there was no evidence of violence to the body of the plaintiff upon which an opinion could properly be based.

The controlling doctrines are well settled. The rule established in this jurisdiction allows an expert medical witness to state his opinion, based on the evidence, as to the cause of the plaintiff's present physical condition. In the recent case of Ahern v. Minneapolis St. Ry. Co., 102 Minn. 435, 440, 113 N. W. 1019, 1020, it was said: "Medical experts called by the plaintiff were permitted, over objection, to give an opinion as to the cause of her physical condition, based upon

the assumption that the testimony given on the trial was true. This is urged as error, as an invasion of the province of the jury. The question thus raised is not an open one in this state, for this court has repeatedly held that such opinion evidence is admissible. We adhere to the rule." The case of Briggs v. Minneapolis St. Ry. Co., 52 Minn. 36, 53 N. W. 1019, is limited by Donnelly v. St. Paul City Ry. Co., 70 Minn. 278, 73 N. W. 157.

· The better practice is to frame a hypothetical question, containing a statement of the evidence, which the witness is required to assume as true; but the trial judge may, in his discretion, allow an expert medical witness to base his opinion upon all the evidence for the plaintiff or for the defendant, if he has heard the same. In Getchell v. Hill, 21 Minn. 464, the court said: "This form of question is not obnoxious to the objection that it calls on the witness to decide any question of fact; for the purpose of basing the opinion on it. It is, in effect, putting to the witness a hypothetical case, which is admitted to be proper. In strictness, the question should state the hypothetical case. · We think, however, that the trial court may, in its discretion, as a matter of convenience, permit the hypothesis to be put to the witness, by referring him to the testimony, if he has heard it, instead of requiring the counsel to recapitulate it." This rule was approved in State v. Lautenschlager, 22 Minn. 514, Storer's Will, 28 Minn. 9, 8 N. W. 827, and Jones v. Chicago, St. P., M. & O. Ry. Co., 43 Minn. 279, 45 N. W. 444. See 1 Wigmore, Ev. § 681, subd. "a."

When the medical expert has made personal observations, a hypothetical question is unnecessary. People v. Youngs, 151 N. Y. 210, ·45 N. E. 460, 1 Wigmore, Ev. § 675. So he may base and express an opinion of the nature of the malady or injury of a sick or injured person in part upon the statements and complaints of the person, made to the physician in relation to his condition, sufferings, or symptoms at the time, in the course of a professional examination into his case. Johnson v. Northern Pac. R. Co., 47 Minn. 430, 50 N. W. 473.

Evidence received without objection, and not thereafter stricken from the record, being in the case, has probative value, and may be considered by the witness in reaching his opinion.

The opinions of other witnesses do not constitute a legitimate element of the basis of the opinion of an expert witness. It was con-

tended that this rule was violated in this case, but we do not believe that the witness understood that he was to include the opinions of other experts in the evidence which he was to assume as true, or that he in fact did so.

When an expert witness expresses an opinion based on the evidence in the case, and on cross-examination admits that he also took into consideration matters which he had learned out of court, the proper practice is to move to strike out his testimony, and, if the motion is denied, assign error upon such ruling. Unless this is done, error cannot be assigned upon the ruling overruling the objection to the question calling for the witness' opinion. When made, the ruling was correct.

Other questions argued are not considered, because not presented by proper exceptions or assignments.

The only serious question in this case is whether or not the verdict was excessive. After a careful examination of the evidence, we have come to the conclusion that the trial court properly allowed it to stand. Miss Crozier was twenty seven years of age, and, while she seems to have been so unfortunate as to have had more than a reasonable share of the diseases and ailments to which mankind is subject, there is direct and positive evidence tending to show that when she became a passenger on the appellant's car she was in good health and physical condition. She was neither nervous nor hysterical. There is ample evidence tending to sustain her claim that as a result of the accident she suffered from a localized inflammation of the peritoneum, a retroversion of the uterus, with accompanying inflammation of the uterus and of the lining of the uterus, a dislocation of the left shoulder, a paralysis of the left arm and shoulder, extending in a lesser degree down the arm and into the hand and fingers, and a severe shock to her nervous system, resulting in traumatic neurasthenia. The dislocation of the left shoulder and its reduction is admitted. The evidence leaves it at least doubtful whether the arm and shoulder will ever again be normal and as serviceable as before the injury. The traumatic neurasthenia is practically admitted by the appellant's experts, who also admit that it is a serious disease, as to the continuance of which they are not able to give any definite opinion. The evidence of the peritonitis and the uterine troubles is not

denied, and the evidence is ample to sustain the conclusion that the condition was caused by the accident. The two operations appear to have been successful in removing these disorders, but the plaintiff testified that her menstruations were still very irregular and excessively painful.

As a result of the accident, respondent spent five weeks in hospitals, was confined to her bed for about eleven weeks, and had to undergo two operations. She suffered severe pains, and up to the time of the trial—five months after the accident—was unable to dress herself, and required the daily attendance and assistance of others. Miss Crozier was a bookkeeper by occupation, earning $15 a week. The bills for doctors, nurses, and hospitals amounted to $670.30. Taking all this, and many other circumstances disclosed by the evidence, but to which specific reference need not be made, into consideration, there is reasonable certainty that certain of the conditions are permanent, within the rule stated in McBride v. St. Paul City Ry. Co., 72 Minn. 291, 293, 75 N. W. 231. The jury was justified in awarding very considerable damages, and we cannot say that the amount was excessive.

Order affirmed.