## C. E. THOMPSON v. L. E. LILLEGAARD[1]

January 5, 1923.

No. 23,085.

**Negligent driving of automobile by servant—complaint construed.**
    1. A complaint alleging that the defendants, there being two, so negligently drove an auto that it struck and injured the plaintiff, permits a recovery against one of them, who was not present, for the negligence of the other who was his employe.

**Driver's statement of ownership, though hearsay, sustains finding.**
    2. A statement of the driver of the auto, at the time of the accident, that the defendant was the owner, received without objection, is of probative value though hearsay; and the evidence sustains a finding that the defendant was the owner and the driver in his employ.

**Contributory negligence.**
    3. The plaintiff was not as a matter of law contributorily negligent.

Action in the district court for Clay county to recover $3,000 for injuries caused by defendant's automobile. The case was tried before Nye, J., who, when plaintiff rested denied defendant's motion to dismiss the action and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $700. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*G. H. Korsvik* and *J. P. Kain,* for appellant.
*Christian G. Dosland,* for respondent.

DIBELL, J.

Action to recover damages for injuries sustained by being struck by an auto of the defendant. There was a verdict for the plaintiff. The defendant appeals from the order denying his alternative motion for judgment or a new trial.

[1]Reported in 191 N. W. 405.

1. The action was brought against the defendant Lillegaard and one Clarence Strand. The latter, who was driving the auto, was not served. He lived near Abercrombie in North Dakota. The trial proceeded against Lillegaard. The complaint alleges "that defendants then and there did negligently drive and manage said automobile, that it struck plaintiff and knocked him down, thereby inflicting severe bodily injuries." The plaintiff's theory of Lillegaard's liability is that Strand was in his service and that the doctrine of respondeat superior applies. Lillegaard claims that the allegation is insufficient. His specific claim is that to charge him with liability for the negligence of Strand it must be alleged that Strand was in his employ; or, at least, that a charge that both he and Strand were negligent is not a sufficient charge that he is liable by way of representation for Strand's negligence. We do not find the precise question decided. It has always been the understanding that a charge of negligence of the master permits proof of the negligence of his employe and that when the employer and employe are joined the employer may be held liable, though personally free of fault, for the negligence of his employe. See Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462; Olson v. St. Paul, M. & M. Ry Co. 34 Minn. 477, 26 N. W. 605; Lee v. Minneapolis & St. L. Ry. Co. 34 Minn. 225, 25 N. W. 399. The pleading permitted proof that Strand, whose negligence caused the injury, was in the employ of the defendant who was therefore liable.

2. The defendant resided at Abercrobie on the North Dakota side of the Red River. He was engaged in the sale of automobiles. He purchased a number of Buick autos which had come to Duluth by boat. He claims that he sold one of them to one Hokestead, who lived at Abercrombie, on agreed terms, to be delivered at Duluth, and that it was arranged that Strand should drive the car from Duluth to Abercrombie. He drove it. Some ten others were driven to Fargo or Moorhead from Duluth at the same time. The defendant was with them. Strand drove his car south from Fargo, on the Minnesota side of the river, and struck the plaintiff, who was going north. The only testimony as to the terms of the sale of the atuo was that of the defendant. Strand was not a witness nor was

Hokestead. The court instructed the jury that if there was a sale to Hokestead and a delivery at Duluth to Strand as his representative there could be no recovery; but that if there was no such sale and delivery, and the machine was Lillegaard's, and Strand was acting for him, he was liable for his negligence. The evidence is meager. There is evidence that at the time of the accident, when apparently there was some excitement, Strand said that Lillegaard was the owner. There was no objection to the testimony. It is now claimed by the defendant that it is hearsay. The plaintiff claims that it is admissible as res gestae, or that it is admissible as the declaration of one in possession. See Elwood v. Satterlie, 68 Minn. 173, 71 N. W. 13; Lehmann v. Chapel, 70 Minn. 496, 73 N. W. 402; McDonald v. Bayha, 93 Minn. 139, 100 N. W. 679.

Passing a consideration of the question of res gestae and of declarations of one in possession, it is clear that the statement of Strand, who presumably had some knowledge, though hearsay, was of probative value. 1 Dunnell, Minn. Dig. § 3288. The evidence is not conclusive in favor of the defendant's contention and sustains a finding that he was the owner.

3. The defendant claims that the plaintiff was guilty of contributory negligence. A careful consideration of the evidence leads us to the conclusion that he was not as a matter of law negligent. There was no error available to the defendant in submitting the question to the jury.

Order affirmed.