ROGER L. DELL v. AMOS MARCKEL.[1]

September 18, 1931.

No. 28,366.

[1]Reported in 238 N. W. 1.

148

*Frankberg, Berghuis & Frankberg* and *M. J. Daly, Jr.* for appellant.

*Murphy, Johanson & Nelson* and *Roger L. Dell,* for respondent.

DIBELL, J.

This proceeding was brought under G. S. 1923 (1 Mason, 1927) § 5695, by Roger L. Dell against Amos Marckel and his wife and Ada Marckel, the wife of George Marckel, who is the son of Mr. and Mrs. Amos Marckel, to enforce a lien for attorney's fees. A lien was asserted upon the ground that the causes of action in which Mr. Dell rendered services were settled for a definite amount; and the liability of Amos Marckel was litigated also as if the proceeding were a common law action to recover upon a contract of settlement made by him through his son, George Marckel, alleged to be duly authorized in that behalf, wherein it was agreed that Mr. Dell was to have $3,000 for his services to Ada Marckel in her suits against Mr. and Mrs. Amos Marckel. Summons was not issued. There were findings in favor of Dell for $3,000 and costs, against Amos Marckel and Ada Marckel. There were no findings against Mrs. Amos Marckel. Judgment was entered October 14, 1930, in his favor against Amos Marckel and Ada Marckel for $3,081.59. Amos Marckel appeals from the judgment. Ada Marckel does not appeal. There is some confusion because of the assertion of a lien and the

insistence in that proceeding upon a common law cause of action. The title of each should be different. We refer to Dell throughout as plaintiff and to the Marckels as defendants.

The defendants live at Perham, Otter Tail county. The plaintiff is an attorney living at Fergus Falls. There was trouble between Ada Marckel and her husband. She ascribed it largely to her husband's parents. On May 23, 1929, she employed the plaintiff to care for her interests. He went to Perham on May 31, 1929, to investigate. He interviewed the defendant Amos Marckel in the presence of the latter's attorney and others. His testimony is:

"During the last of the conversation we went into the matter quite at length with a view of trying to settle this matter up and that if a satisfactory settlement was arrived at, why, then, Mrs. Marckel had the right to bring a divorce proceeding and procure a divorce in the event that she could establish her right to it. I am not certain, it might be that George Marckel was to bring the divorce—one or the other. The question came up as to a settlement of the matter at that time, and Mr. Amos Marckel offered to pay $5,000. * * * Mr. Marckel at that time offered to pay $5,000 in settlement of the matter, and I told him that Mrs. Marckel would not consent to settle for any such figure. There were many conversations took place there, among which was one that here is referred to in the complaint that John Stege heard, the father, heard about Mrs. Marckel. When we were about to leave the office Mr. Marckel, that is Amos Marckel—he was there, and George Marckel was not there. Amos Marckel said he only had one son George and that he hated to see anything of this kind in his family, and that he was going to talk the matter over with George, his son, with a view of settling this matter up, and that they would get together later on in the matter.

"At that time the only offer that Mr. Marckel would make was $5,000; he said that so far as he was personally concerned that that was final; but he said he was going to have George and Ada talk matters over, and if they come to any agreement that whatever they agreed to he would stand by.

150

"We left the office, and that was all the conversation, excepting as to what is now in dispute in this matter. We left the office and I went home. As I stated, that was on the 31st of May, 1929."

Later on the plaintiff testified that in this conversation a suit for alienation of affections was mentioned.

The plaintiff returned to Fergus Falls, and on June 1, 1929, wrote to the defendant's attorney and refused his offer but suggested a different proposition which he would submit to his client. On June 3, 1929, the defendant's attorney at Perham wrote him that he had seen Amos Marckel and "that the $5,000 which he offered in settlement still stands, but that he will not increase this amount." This is a fair statement of what occurred up to that time.

Ada Marckel went to Huron, South Dakota, about June 1, 1929, and worked as a bookkeeper. She remained there until September 29, 1929. The plaintiff communicated with her several times by letter. He suggested the commencement of two actions, one for $50,000 for alienation of affections, and another for the same amount for slander. The cause of action for slander arose from something said by the defendant Amos Marckel in the conference at Perham on May 31, 1929. These two actions were authorized by Ada Marckel and were commenced on July 11, 1929. The plaintiff was to have a contingent fee of one-third. There was correspondence between Ada Marckel and her husband and talk of a reconciliation. She telephoned to the plaintiff at Fergus Falls and made an appointment to meet him there on September 29, 1929, and she and her husband, who had been with her at Huron, met him there in the afternoon of that day. They had decided to live together. The plaintiff did not oppose their plan. The evidence sustains the trial court's finding that the understanding then had was that the two actions were to be settled and that the plaintiff was to have his fees, $3,000, to be paid by the defendant Amos Marckel, and that Ada Marckel was to have $10,000 from the same source. If there was an agreement of settlement, it was made through George Marckel, as his father's representative. Unless authority in that behalf were given him, there was no settlement.

■ An attorney has by statute a lien upon his client's cause of action which he is employed to prosecute from the time of the commencement of the action. G. S. 1923 (1 Mason, 1927) § 5695. The settlement of the cause of action may be set aside to enable the attorney to enforce his lien. Desaman v. Butler Bros. 114 Minn. 362, 131 N. W. 463; Davis v. G. N. Ry. Co. 128 Minn. 354, 151 N. W. 128; Balluff v. Balluff, 169 Minn. 266, 211 N. W. 462; 1 Dunnell, Minn. Dig. (2 ed. & Supp.) § 706. The attorney may take the amount paid to his client in settlement as the basis upon which to compute his fees. Miner v. Payne, 150 Minn. 103, 184 N. W. 673, and cases cited; Davis v. G. N. Ry. Co. 128 Minn. 354, 151 N. W. 128.

■ There was no proof of a cause of action for alienation of affections nor of one for slander. If the plaintiff has a lien, it is because his client and the defendant made a settlement. John Stege, Ada Marckel's father, testified that when she came to Perham on the evening of September 29, 1929, she told him of the settlement and the payment of $10,000. It is claimed that this testimony was admissible as a part of the res gestae. The marital difficulties of Ada and George had been settled by their own arrangement. When she reached Perham in the evening of September 29, 1929, after the conference in the plaintiff's office at Fergus Falls, she saw her father at his home, where he lay sick, and, according to his testimony, said: "Dad forgive me. I get $10,000 and everything is all right." In what was said there is nothing upon which the plaintiff can claim an attorney's lien under § 5695. It was not res gestae as he claims. It was a narration of a past event—a statement of a settlement made and what she was to get. There was no excitement continuing from the settlement of a few hours before. There was not the spontaneity which attends res gestae. The settlement at Fergus Falls was a sober negotiation. The plaintiff cautioned his client about getting the $10,000 before living again with her husband and was solicitous of his fee. It may be noted, though not of particular importance, that Mrs. Marckel claimed that they agreed to pay the plaintiff the value of his services, and that the $10,000 referred to three policies of insurance,

for $5,000, $3,000 and $2,000, which she was to have upon the life of her husband. She denies the statement attributed to her by her father. Anyway it was not res gestae. See 3 Wigmore, Ev. (2 ed.) § 1750, et seq; 2 Dunnell, Minn. Dig. (2 ed. & Supp.) § 3300, et seq. And her own testimony is that there was no agreement such as her father testifies she said was made.

■ In addition to the testimpny of Stege, there was the testimony of the plaintiff that Ada said she had received, by way of check, $10,000 from Amos Marckel. All this testimony was hearsay. She denied that she so stated. This is not important. She testified that she did not make a settlement. The only testimony left is hearsay. Such testimony has probative force if the parties care to have it so. 2 Dunnell, Minn. Dig. (2 ed.) § 3288; Metropolitan Music Co. v. Shirley, 98 Minn. 292, 108 N. W. 271; Crozier v. Minneapolis St. Ry. Co. 106 Minn. 77, 118 N. W. 256; Thompson v. Lillegaard, 154 Minn. 142, 191 N. W. 405; State v. Shansy, 164 Minn. 10, 204 N. W. 467. It is sought to have it given effect here because no objection was made to its reception. A specific objection was made to hearsay testimony of this kind, and overruled. Then a proper objection was made to all evidence of a hearsay character with the understanding that the objection was to be effective throughout the case without repetition. If this had not been done, the repetition of appropriate objections would have enlarged the record materially. The objection was sufficient, and the hearsay evidence did not prove the fact sought to be established.

■ There is left the question whether the plaintiff can recover in a common law action. Some confusion and inconsistency are introduced by the trial of the controversy, both as a lien claim and as a common law action. The right of recovery as upon a common law cause of action depends upon whether competent authority to settle was given by the father to the son. If given, it is to be found in the conversation noted in the first portion of the opinion. We must take it as proved that the parties were talking then of the settlement of the cause of action for alienation of affections and that they contemplated a divorce in an action brought by one or the other. They were making an agreement for a divorce as far as

one could be made. The father agreed to pay $5,000 but indicated that whatever the parties might conclude to do would be satisfactory. His theory is that $5,000 was to be given as a property settlement upon the divorce. No such settlement as the parties had in mind was effectuated. Things ran along from May until September, four months. In the meantime two causes of action were brought, one for alienation of affections and the other for slander. Appearances were made in both by the defendant.

The testimony of the plaintiff first quoted indicates nothing more than an agreement of the defendant to pay Ada Marckel $5,000 by way of settlement in case of divorce; and then a definite agreement that he would stand by any settlement that the two young people might make. Further testimony indicated that the question of alienation of affections was involved. The question of a settlement for slander was not involved, for the slanderous words were given utterance in the talk of a settlement. This is the plaintiff's theory of it. There was still present the notion that there would be a divorce in an action brought by one or the other. The offer of Amos Marckel was refused, and he refused to consider a counter proposition such as was suggested on May 31, 1929. The authority given by Amos Marckel in the conversation of May 31, 1929, construing it as favorably as it can be construed for the plaintiff, did not authorize his son these four months later to enter into an agreement for a resumption of marital relations and to pay his wife $10,000 and pledge his credit to the extent of $3,000 for the plaintiff's counsel fees. The defendant, so far as it appears, knew nothing of further negotiations. The offer which he made was refused. He declined the counter offer. There was not a pending offer or authority in his son four months later. Ada Marckel and her father-in-law deny that such an agreement was made at Fergus Falls. Ada Marckel says that she and her husband agreed that plaintiff should be paid reasonable attorney's fees; but, under the evidence, we take the fact to be that the son undertook to pledge his father's credit to the payment of $3,000.

As it stands, the plaintiff has no right of recovery in this proceeding except against Ada Marckel, and judgment was given him

against her. She has not appealed, and the plaintiff's rights against her are fixed. There is nothing in the record that indicates that anything further should be done except the formal entry of reversal.

Judgment reversed.