## STATE v. JOHN GIFIS.[1]

October 18, 1935.

No. 30,565.

*M. S. Winthrop,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, *Ed J. Goff,* County Attorney, and *Per M. Larson,* Assistant County Attorney, for the State.

PER CURIAM.

Defendant was tried and convicted of receiving stolen property. He appeals from an order denying a new trial.

Joseph Garbina and John Calhoun, on the night of July 12, 1934, broke into the electrical shop of one Malmsten and stole therefrom certain battery testers. About a week later these articles were sold by them to defendant.

1. Defendant contends that the evidence does not justify the verdict, claiming that it was not shown that defendant knew that the property in question was stolen. The record shows that de-

[1] Reported in 262 N. W. 637.

fendant was taken to the private garage of Calhoun, where the stolen property was hidden, and there bought the testers for $12 or $15. Both Calhoun and Garbina were present at the time of the sale. There was testimony tending to show that the reasonable market value of this property was $117. Defendant asked Calhoun and Garbina at that time if the testers were stolen property but, upon receiving a negative reply, took no further steps to ascertain their title regardless of the circumstances surrounding the sale and the inadequate price asked. Two police officers, on cross-examination by defendant, testified that they had been told by Calhoun that defendant, some time previous to this theft and sale, had come to him (Calhoun) and asked for some tires; that Calhoun and Garbina had stolen a set of tires, valued at $150, and had sold them to defendant for $20. One of the officers also testified as follows:

Q. "You later saw Garbina and you saw and talked with Garbina and with Calhoun, and did either of them tell you that they had said anything to Gifis about the tires being stolen?

A. "Calhoun told us that Gifis would tell them what he wanted and they would go out and get it, and he told them he wanted some tires and they went out and got them and they told Gifis the tires were stolen.

Q. "How is that again?

A. "Well, I don't know. Calhoun told us they had sold a number of things to Gifis. If Gifis wanted anything he would come to Calhoun and Garbina. * * *

A. "Calhoun told us he told Gifis the tires were stolen tires and where he had got them."

This testimony was clearly hearsay but was not objected to, and hence it has probative value. 2 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3288. Defendant was arrested for having the tires in his possession on August 10, 1934, but was later released. Upon his arrest and release he made no mention of having received the battery testers from the same source as the tires. Taking the record as a whole, we have no doubt that it supports a finding of guilty knowledge on the part of the defendant. No reasonable per-

son could doubt that the testers were stolen property. The record as a whole amply supports the verdict.

2. It was not error to receive evidence in regard to the stolen tires bought by defendant of Calhoun and Garbina. This evidence was introduced to show guilty knowledge on the part of the defendant. It was competent and admissible. Goldsberry v. State, 66 Neb. 312, 92 N. W. 906.

3. We find no error in the court's charge to the jury.

The order of the trial court is affirmed.