## TED PETERSON v. BARNSDALL OIL COMPANY.[1]

May 21, 1937.

No. 31,229.

*Ell M. Roston,* for appellant.
*S. Segall,* for respondent.

PER CURIAM.

This was an action by respondent to recover the value of services rendered to appellant in operating one of its gasolene service stations. A verdict was rendered in respondent's favor, and from an order denying its motion for judgment notwithstanding the verdict or for a new trial appellant takes this appeal.

On or about October 2, 1934, respondent went to appellant's offices and there interviewed Sheafor, the personnel manager. Respondent testified that Sheafor said that he had a job for respondent as an attendant at a service station located at Forty-sixth street and Forty-sixth avenue in Minneapolis. Respondent's account of the ensuing conversation between Sheafor and himself was that Sheafor agreed to pay him certain commissions on sales of oil and gasolene and that if the commissions did not amount to 30¼ cents per hour for the time respondent worked the company would pay

[1]Reported in 273 N. W. 260.

him an amount equal to the difference between the commissions and a salary of 30¼ cents per hour.

Appellant claims that the agreement between it and respondent is contained in two written instruments, one a lease of the station to respondent, the other a "service station contract" which set out the schedule of commissions to be paid on each item sold. Both instruments were signed by respondent. Appellant also denied an oral agreement to pay any amount over the actual commissions.

All the evidence introduced by respondent in support of his contention that there was an oral contract to pay 30¼ cents per hour came in without objection. Appellant's attorney later moved that all this testimony be stricken, but the motion was denied, and this is assigned as error. Under the decisions of this court a motion to strike is discretionary with the trial court. Larson v. Kelly, 72 Minn. 116, 75 N. W. 13; Watts v. Howard, 70 Minn. 122, 72 N. W. 840. We see no abuse of that discretion. Appellant's remedy was a timely objection when the testimony was offered, and, having failed so to object, it cannot now be heard to complain of the trial court's refusal to strike. The incompetent testimony must have been admitted over objection to bring the case within the rule laid down in Taylor v. More, 195 Minn. 448, 263 N. W. 537, in which the rule for varying the terms of a written instrument by parol are discussed.

As the record stands, the evidence is now properly before us and must be considered as being sufficient to support the verdict.

Appellant argues in its brief that it was error for the trial court to grant respondent's motion to amend his complaint to conform with the proof. While argued, the point is not assigned as error in this court and is not therefore before us.

Affirmed.