SOFUS ERICKSON, TRUSTEE FOR NEXT OF KIN OF KENNETH V. ERICKSON, v. NEAL I. PAULSON.

87 N. W. (2d) 585.

December 20, 1957—Nos. 37,217, 37,277.

*Lauerman & Johnson,* for appellant.
*I. L. Swanson,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action by plaintiff, Sofus Erickson, as trustee, against Neal I. Paulson for the wrongful death of Kenneth V. Erickson, deceased. The jury returned a verdict for plaintiff in the sum of $17,500. This is an appeal from an order denying defendant's subsequent motion for judgment notwithstanding the verdict or for a new trial and from the judgment entered. Counsel for defendant in this court did not represent him at the trial.

Kenneth V. Erickson died July 24, 1956, when defendant's automobile, in which he was riding, turned over on a highway near the village of Hoffman at about 4:40 a. m. July 4, 1956. At the time Neal I. Paulson, the defendant; John Paulson, his brother; and Martin Samuelson were also traveling in the automobile. Liability is dependent upon establishing that defendant and not decedent was driving at the time of the accident.

The party had left Fargo, North Dakota, in the car in the early morning of July 4, 1956, to drive to Glenwood, Minnesota, to visit relatives. At the commencement of the trip, the automobile was driven by John Paulson. Samuelson sat next to him and decedent and defendant rode in the rear seat. At Elbow Lake, according to all witnesses, decedent took over the driving, John Paulson taking his place in the rear seat. As indicated above, the car tipped over near Hoffman. As a result decedent died from injuries then sustained and defendant was severely injured. He testified that he remembered nothing concerning the circumstances or details of the accident.

In response to a telephone call, Sheriff Tobias Amundson of Grant County arrived at the scene a few minutes after 5 a. m. He found the car overturned and John Paulson and Samuelson sitting close by. The others had been removed to a hospital.

In his direct examination John Paulson testified as follows:

"Q. At the time that that accident happened, who was driving the car?

"A. Kenneth Erickson.

* * * * *

"Q. Didn't you also tell him [Sheriff Amundson] that Neal was driving that car?

"A. No, I didn't.

"Q. Are you sure about that?

"A. Not that I remember of telling him that, but I did tell him it was Neal's car.

"Q. May you have told him and you didn't remember?

* * * * *

"A. Well, I might have, but I don't remember telling him that.

* * * * *

"Q. Were you asleep right up to the time this accident happened?

* * * * *

"A. Yes.

"Q. Where did you go to sleep?

"A. Just after we changed drivers, between here and Elbow Lake."

Samuelson also testified that decedent took over the driving at Elbow Lake but stated that he did not know who was driving at the time of the accident, as he was asleep. The occupants, including Erickson, were thrown out of the car when it turned over, and no evidence as to their respective positions therein could be submitted.

Sheriff Amundson testified that after his arrival at the scene he questioned John Paulson as to the name of the owner and the name of the driver of the car with reference thereto his testimony was as follows:

"Q. Did you have any conversation with John Paulson as to who was driving the car?

"A. Yes.

"Q. What did he say?

"A. He said that Neal Paulson was the driver of the car, and owner."

Sheriff Amundson's testimony, which was submitted without objection, was corroborated by Oscar Johnson who lived nearby. He testified that he overheard the sheriff ask John Paulson who owned the car and that Paulson had replied "Neal Paulson"; and that the sheriff had asked him who was the driver and that John Paulson had said "Neal Paulson, and he wrote it down, and he says, Neal Paulson is the owner and the driver, and Samuelson said yes, or Paulson said yes, John Paulson."

It is contended by defendant that the testimony of Sheriff Amundson, while admissible for the purpose of impeaching the testimony of John Paulson, is not affirmative evidence as to the name of the driver; and that, since the only other evidence on this issue was to the effect that decedent was driving shortly prior to the accident, the verdict cannot be sustained. Plaintiff asserts that the sheriff's testimony, as to John Paulson's statements having been received without objection, became affirmative evidence and as such sufficient to support the verdict; and further that, since such testimony related to statements forming part of the res gestae, it was admissible as affirmative evidence on the principal issue.

■ There is no dispute that decedent was driving as the party left Elbow Lake. Elbow Lake is but 14 miles from Hoffman where the accident occurred. No one testified that the car stopped again, or that anyone else got in the driver's seat. We have held that, where the owner of a car had expressly authorized his son to drive it, and the son, accompanied by a passenger, had been seen driving it shortly before an accident in which the passenger was killed, the jury might properly conclude that the son, who had disappeared after the accident, had been driving when the accident occurred. Nicol v. Geitler, 188 Minn. 69, 247 N. W. 8. Thus the jury here could have determined that decedent was driving at the time of the accident, but certainly, when all the evidence is considered, it was not compelled to do so as a matter of law.

■ By its verdict it determined that defendant had been driving, and our function is to determine whether there is evidence sufficient to support this finding. This in turn is dependent upon whether the testimony of Sheriff Amundson as to the declarations of John Paulson to the effect

that defendant was driving constituted such evidence. We are of the opinion that it does. Defendant asserts such testimony was hearsay, but even assuming this to be true, it nevertheless was admitted without objection. It has frequently been held by this court, and in a majority of other jurisdictions, that hearsay evidence admitted without objection is of probative force. Metropolitan Music Co. v. Shirley, 98 Minn. 292, 108 N. W. 271; Crozier v. Minneapolis St. Ry. Co. 106 Minn. 77, 118 N. W. 256; State v. Pearson, 153 Minn. 32, 189 N. W. 404; Thompson v. Lillegaard, 154 Minn. 142, 191 N. W. 405; State v. Shansy, 164 Minn. 10, 204 N. W. 467; Dell v. Marckel, 184 Minn. 147, 238 N. W. 1; State v. Gifis, 195 Minn. 276, 262 N. W. 637; Peterson v. Barnsdall Oil Co. 200 Minn. 42, 273 N. W. 260; Schlemmer v. Buffalo, R. & P. Ry. Co. 205 U. S. 1, 27 S. Ct. 407, 51 L. ed. 681; Diaz v. United States, 223 U. S. 442, 32 S. Ct. 250, 56 L. ed. 500; Annotation, 104 A. L. R. 1130.

In Thompson v. Lillegaard, *supra,* declarations of the driver of a car involved in an accident made shortly after the accident to the effect that defendant was the owner of the car were admitted without objection. In holding that testimony relating to such statements constituted affirmative evidence even though hearsay, this court stated (154 Minn. 144, 191 N. W. 406):

"Passing a consideration of the question of res gestae and of declarations of one in possession, it is clear that the statement of Strand [the driver], who presumably had some knowledge, though hearsay, was of probative value."

■ Defendant asserts that it would have been futile to object to Sheriff Amundson's testimony as to John Paulson's declarations, since it would have been admissible in any event for the purpose of impeaching the testimony of John Paulson. But had an objection been interposed, and had it been made clear that the evidence was submitted for impeachment purposes, defendant might have requested an instruction that it should not be regarded by the jury for any purpose other than that relating to the credibility of John Paulson. No such request having been made, the jury was entitled to consider Amundson's testimony as affirmative evidence. Johnson v. Farrell, 210 Minn. 351,

298 N. W. 256. See, also, State Bank of Winsted v. Strandberg, 148 Minn. 108, 180 N. W. 1006. The case is distinguishable from State v. Saporen, 205 Minn. 358, 285 N. W. 898, and Klingman v. Loew's Inc. 209 Minn. 449, 296 N. W. 528, where testimony relative to declarations was received in evidence for impeachment purposes over strenuous objection by opposing counsel and where it was held that an instruction such as that just described should therefore have been given, or was proper.

The order and judgment appealed from are affirmed.

Affirmed.