STATE of Minnesota, Respondent,

v.

Richard PLAN, Appellant.

No. 81–155.

Supreme Court of Minnesota.

March 12, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

SIMONETT, Justice.

Defendant was found guilty by a district court jury of second-degree murder, third-degree murder, two counts of aggravated robbery, and a weapons charge, for his role as the gunman in the December 1, 1979, robbery of a St. Paul liquor store during which defendant shot and killed one of the employees. In part two of what was a bifurcated trial, because of defendant's plea of not guilty by reason of mental illness, the jury reaffirmed these determinations. The trial court sentenced defendant to 40 years in prison for second-degree murder. The court also found that defendant was a dangerous offender under Minn.Stat. §§ 609.155 and 609.16 (1978).[1] On this appeal from judgment of conviction, defendant challenges the sufficiency of the evidence to establish that he intentionally killed the victim, argues that the trial court improperly admitted evidence that the victim was the son of a police officer, contends that the dangerous offender law is inapplicable, and seeks vacation under section 609.-04 of his conviction for third-degree murder. We vacate defendant's conviction of third-degree murder but affirm the other four convictions.

■ 1. There is no merit to defendant's contention that the evidence was insufficient to establish intent to kill. One of defendant's accomplices testified that before the robbery defendant said, "Let's go rob somebody, let's go kill somebody." Defendant was familiar with the operation of the gun, a .22-caliber double-action revolver, and there is no evidence that the gun malfunctioned. Eyewitnesses testified that defendant pointed the gun at the victim and fired at close range, without the slightest provocation by the victim. This evidence was corroborated by the pathologist and a criminalist, both testifying that the gun was fired from a distance of 4 to 6 inches. Defendant's callousness following the incident was also consistent with the state's theory that the killing was intentional. *State v. Hardimon*, 310 N.W.2d 564

(Minn.1981); *State v. Almengor*, 310 N.W.2d 554 (Minn.1981).

■ 2. Defendant's contention that the trial court erred in denying his motion to exclude reference to the fact that the victim was the son of a police officer is also meritless. The prosecutor referred to this in his opening statement and elicited this evidence only two times in a long trial, both times in passing. The prosecutor did not attempt to evoke any undue sympathy or inflame the jury's passions on this basis. The trial court's ruling was proper under Minn.R.Evid. 403.

■ 3. Defendant's third contention is that the dangerous offender law was inapplicable because in any event his sentence for second-degree murder would be 40 years, the maximum extended term permissible under the dangerous offender law. However, the applicability section (section 609.155, subd. 2) specifically excludes only first-degree murder from the application of the law. Further, the fact that application of the law does not result in an extension of defendant's term does not prevent the state from seeking a determination that defendant is a dangerous offender. *State v. Scott*, 304 N.W.2d 296 (Minn.1981) (upholding determination that defendant was dangerous offender where trial court concluded that defendant's sentence could not be extended because defendant had only one prior felony). It appears that defendant's real quarrel is not with the trial court's determination that he is a dangerous offender, something which is obvious from defendant's record, but with the decision of the Minnesota Corrections Board to remove him from the parole matrix, a decision which the Board based only in part on the fact that defendant had been determined to be a dangerous offender.

■ 4. Defendant's final contention is that he is entitled to have his conviction for third-degree murder vacated under section 609.04. Third-degree murder is a lesser offense of second-degree murder under sec-

1. Minn.Stat. §§ 609.155, 609.16 (1978), *repealed*, Act of April 5, 1978, c. 723, art. 1, § 19,

1978 Minn.Laws 761, 770 (effective May 1, 1980).

tion 609.04 and therefore the conviction should be vacated if defendant in fact was "formally adjudicated" guilty of it. *State v. Martinson*, 312 N.W.2d 249 (Minn.1981); *State v. Bowser*, 307 N.W.2d 778 (Minn. 1981). Whether a defendant was "formally adjudicated" guilty of an offense is usually determined by looking at the official judgment of conviction which appears as a separate sheet in the file. Our examination of the judgment paper in the file on appeal discloses that defendant was "formally adjudicated" guilty of third-degree murder. Therefore, we conclude that defendant is entitled to the relief requested.

Four convictions affirmed; defendant's conviction for third-degree murder vacated.