**STATE of Minnesota, Respondent,**

v.

**James Edward LEE, Appellant.**

No. 81–773.

Supreme Court of Minnesota.

July 23, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Gary Hansen and Norman B. Coleman, Jr., Sp. Asst. Attys. Gen., St. Paul, Robert Kelly, County Atty., Stillwater, for respondent.

PETERSON, Justice.

Defendant, who was serving a life term at the state prison at Stillwater for the first-degree murder of a Rochester policeman, *State v. Lee,* 282 N.W.2d 896 (Minn. 1979), was indicted on a charge of first-degree murder following the stabbing death of a fellow inmate at the prison on September 20, 1980. A district court jury found him guilty of the lesser-included offense of second-degree murder. The trial court sentenced defendant to a consecutive term of 171 months in prison, which is the maximum term permitted by the Minnesota Sentencing Guidelines without departing for second-degree murder by one such as defendant, who had a criminal history score of two. On this appeal from judgment of conviction, defendant, who is currently incarcerated in North Carolina, claims that he was denied a fair trial by (1) the trial court's ruling allowing use of his prior conviction for first-degree murder to impeach his credibility and (2) the trial court's ruling admitting evidence that the victim had been honorably discharged from the Marines, had earned college credits and had a surviving child. We affirm.

The victim, a 26-year-old black man, had been incarcerated in Stillwater in November 1979 for theft and burglary and expected to be released from prison in February 1981 at the latest.

In September 1980 defendant, who is white, was the target of complaints by a number of black inmates in the cell block, including the victim. These witnesses sought to have defendant transferred to a different cell block, and the victim told defendant in the presence of a prison official on September 14 that if defendant did not change his behavior he might receive a beating.

At defendant's trial one white inmate testified that defendant met with him at lunch on September 17, sought the use of his knife and indicated that the victim was going to get "stuck" on Saturday the 20th. Another white inmate testified that on the evening of September 19 he overheard defendant talking with friends about his troubles with several blacks, including the victim, and that he was going to see about "taking care" of them on Saturday.[1]

---

1. In prison parlance, to get "stuck" is to be the victim of a stabbing, and "taking care" of someone means killing him.

On Saturday September 20 a fist fight that had been planned for some time occurred between a black man and a white man in the basement of the recreation area at the prison. Forty or fifty inmates were present, including defendant and the victim. A black friend of the victim testified that when the fist fight ended, defendant pulled out a knife and, without provocation, stabbed the victim in the chest a number of times as the victim tried to take the knife from defendant. Another witness could not identify defendant as the victim's assailant but described the assailant as having a blonde ponytail, a description which fit defendant. A third witness testified that he did not see defendant stab the victim but that defendant stabbed him, also without provocation.

Defendant admitted that the knife believed to have been used in the murder was his but he denied stabbing the victim. He also denied that he had any preexisting plan to stab anyone when he went to view the fist fight.

1. Defendant's main contention on appeal is that the trial court prejudicially erred in denying his motion to bar the state from eliciting the nature of defendant's prior conviction.

The balancing approach which should be followed in determining whether to admit convictions for impeachment purposes in the discretionary category of Minn. R.Evid. 609(a)(1) was summarized in *State v. Jones*, 271 N.W.2d 534, 538 (1978). Factors which the trial court should consider include: (a) the impeachment value of the prior conviction, (b) the date of the conviction and defendant's subsequent history, (c) the similarity of the prior conviction with the crime charged, (d) the importance of defendant's testimony, and (e) the importance of the credibility issue.

The key factor weighing against admission of the prior conviction in this case was the fact that the prior conviction was for the same offense as the offense with which defendant was charged. *State v. Bettin*, 295 N.W.2d 542 (Minn.1980). However we cannot say that the trial court prejudicially erred in exercising its discretion as it did. Not only was the evidence of defendant's guilt very strong, but the jury's acquitting defendant of the charge of first-degree murder strongly suggests that the jury did not use the evidence of the prior conviction as substantive evidence of guilt.

2. Defendant's other contention, that the trial court erred in allowing the prosecutor to present evidence that the victim had been honorably discharged from the military, had earned college credits, and was a father, is meritless. *See State v. Plan*, 316 N.W.2d 727 (Minn.1982) (upholding admission in murder trial of evidence that victim was son of policeman, where prosecutor did not use the evidence in an attempt to inflame the passions of the jury).

Affirmed.