Olin J. JOHNSON, petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. 82–579.

Supreme Court of Minnesota.

Sept. 24, 1982.

C. Paul Jones, Public Defender, and Brian I. Rademacher, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., Tom Foley, County Atty., and Steven C. DeCoster, Asst. County Atty., St. Paul, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Olin Joseph Johnson, age 27, from an order of the Ramsey County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

On December 1, 1979, petitioner participated in a liquor store robbery in which an accomplice, Richard Plan, shot and killed the store's clerk. *See State v. Plan,* 316 N.W.2d 727 (Minn.1982). Charged with a number of offenses, including felony murder, petitioner was permitted to plead guilty to aggravated robbery. The district court sentenced petitioner to a 20-year prison term. The current expiration date is February of 1993. Petitioner's target release date is March of 1984.

Petitioner seeks resentencing to a term of 24 months in prison, which is the presumptive Guidelines sentence for aggravated robbery (severity level VII offense) by a person with petitioner's criminal history score (zero).

In *State v. Champion,* 319 N.W.2d 21, 23 (Minn.1982), we stated that "we generally will not interfere with the postconviction court's refusal to make the finding that is prerequisite to resentencing, at least in cases in which the petitioner is serving a sentence for a violent offense or has a record suggesting that he is likely to engage in criminal conduct after his release." In this case petitioner is serving a sentence for a violent offense which resulted in the death of another person. Petitioner had the burden of overcoming this fact and proving that his early release from sentence would not present a danger to the public and would not be incompatible with the welfare of society. The district court properly concluded that petitioner failed to meet this burden.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.