**STATE of Minnesota, Respondent,**

v.

**Donald L. HODGES,**
**petitioner, Appellant.**

**No. CX–85–1319.**

Supreme Court of Minnesota.

May 9, 1986.

C. Paul Jones, Public Defender, Susan K. Maki, Deputy State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Thomas L. Johnson, Vernon E. Bergstrom, Beverly J. Wolfe, Hennepin Co. Attys., Minneapolis, for respondent.

AMDAHL, Chief Justice.

We granted the petition of Donald L. Hodges for review for the limited purpose of vacating one of his burglary convictions pursuant to Minn.Stat. § 609.04 (1984).

Hodges and two accomplices burglariously entered a house occupied by two women, one age 94 and one age 83, and a live-in nurse. One of the accomplices raped the nurse. The three men also took property from the women and terrorized them. The 83-year-old woman died during the course of the crimes as the result of cardiac arrhythmia caused by the shock of being victimized.

The Court of Appeals (1) affirmed petitioner's conviction of felony murder and the imposition of a sentence 2 times as long as the presumptive sentence for the offense, (2) affirmed two of three convictions of first-degree burglary and vacated the third such conviction, and (3) affirmed both of his aggravated robbery convictions but vacated the sentence for one of them. *State v. Hodges*, 384 N.W.2d 175 (Minn. App.1986). The effect of the Court of Appeals' decision is to leave petitioner convicted of felony murder, two counts of burgla-ry, and two counts of aggravated robbery, and to leave him subject to sentences for all but one of the two robbery convictions; his most severe sentence is a 238-month sentence for felony murder, double the presumptive sentence of 119 months for a severity level IX offense by a person with a criminal history score of one.

We address only one of the many issues decided by the Court of Appeals, specifically, the issue of multiple convictions, Minn. Stat. § 609.04 (1984). Petitioner was convicted of three counts of first-degree burglary: one count (II), for burglary of an occupied dwelling, mentioned all three occupants; another count (III), for burglary while armed with a dangerous weapon, did not mention any of the occupants; and a third count (IV), for burglary with assault, mentioned the victim of the assault, the nurse. The Court of Appeals reasoned that petitioner could be convicted of one count of burglary per victim and ruled that "Because Count II names additional victims, the separate convictions for Counts II and IV are permissible under the multiple victim exception. Count III does not name additional victims and this conviction must be vacated under Section 609.04." Petitioner argues that when a person burglarizes a house that happens to be occupied by three different people, the state may obtain only one burglary conviction.

Under section 609.04, a defendant cannot be convicted twice of the same offense (*e.g.*, burglary) based on the same act or course of conduct. Thus, normally a defendant may not be convicted of two burglaries for burglariously entering one apartment on a single occasion. *State v. Orscanin*, 266 N.W.2d 880, 882 (Minn.1978) (only one, not two, burglary convictions permitted for single burglary of building); *cf. Langdon v. State*, 375 N.W.2d 474 (Minn.1985) (under section 609.035, which deals with sentences rather than convictions, only one sentence permitted for burglarious entry of one multibuilding apartment complex for the purpose of stealing coins from machines in common laundry rooms in several of the buildings; opinion

did not address section 609.04 issue because defendant, by pleading guilty to more than one burglary charge, conceded that issue). However, if a defendant burglarizes several different residences as part of a single plan to burglarize all the residences in one block at one time, he arguably may be convicted of multiple burglaries. *Cf. Langdon,* 375 N.W.2d at 476 (suggesting that under section 609.035 multiple sentencing "might" be proper in this situation).

The theory of the Court of Appeals is that if there are three occupants of a single residence, all of whom are present, then three burglary convictions would be justified if each victim was mentioned in a separate count. It bases this on the so-called multiple-victim exception to sections 609.035 and 609.04.

Although the multiple-victim exception clearly permits three assault convictions if a burglar assaults three different people after entering a house, the exception does not allow three burglary convictions simply because three people were present in the house when it was burglarized. Although the crime of burglary carries with it some special risks to life and is not therefore purely a property offense, *State v. Nunn,* 297 N.W.2d 752, 754 (Minn. 1980), it nonetheless is classified in the criminal code under the heading "Damage or Trespass to Property." Thus, we believe that for the purpose of section 609.04, the burglarious entry of one dwelling should justify only one burglary conviction. Under this approach, the commission of other crimes, such as assault or robbery, against the occupants of the dwelling after entry is made may be additionally punished with convictions and sentences on the basis of one extra conviction and sentence per victim of the other crimes, but only one burglary conviction would be allowed.

In summary, two of Hodges' three burglary convictions, not just one, must be vacated. This, of course, will have no effect on Hodges' 238-month sentence for felony murder.

Affirmed as modified.

WAHL, J. took no part in the consideration or decision of this case.