John E. WALKER, Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C1-86-702.

Court of Appeals of Minnesota.

Oct. 7, 1986.

Review Denied Nov. 26, 1986.

C. Paul Jones, State Public Defender, Laura S. Underkuffler, Asst. State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, State Atty. Gen., Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, J. Michael Richardson, Asst. Co. Atty., Minneapolis, for respondent.

Considered and decided by HUSPENI, P.J., and PARKER and RANDALL, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

After a trial to the court, appellant, John Walker, was convicted of one count of second degree felony murder; three counts of first degree burglary; three counts of first degree criminal sexual conduct; and two counts of aggravated robbery. Walker was sentenced to a term of imprisonment of 291 months. Walker's petition for post-

conviction relief was denied in all respects except for the vacation of one count of aggravated robbery. On appeal Walker argues that the evidence is insufficient to show that the underlying felony of burglary caused the occupant's death; there is insufficient evidence to support his convictions for burglary, aggravated robbery and criminal sexual conduct; the facts of this case do not justify application of the felony murder rule and the sentences imposed violate Minn.Stat. §§ 609.035 and .04 and the Minnesota Sentencing Guidelines. We affirm as modified and remand for resentencing.

## FACTS

The facts of this case are set out in the companion case of *State v. Hodges*, 384 N.W.2d 175 (Minn.Ct.App.), *affirmed as modified*, 386 N.W.2d 709 (Minn.1986).

## ISSUES

1. Is the evidence sufficient to prove that the burglary caused Maude Mindrum's death and thus sustain a conviction for second degree felony murder?

2. Is there sufficient evidence to sustain Walker's convictions for burglary, aggravated robbery and criminal sexual conduct?

3. Do the facts of this case present a proper basis for application of the felony murder rule?

4. Were the sentences imposed in violation of Minn.Stat. §§ 609.035 and .04 and the Minnesota Sentencing Guidelines?

## ANALYSIS

### I.

On appeal from a denial of a petition for postconviction relief, an appellate court determines whether the evidence is sufficient to support the trial court's post-conviction findings. *Kochevar v. State*, 281 N.W.2d 680, 687 (Minn.1979). Walker raised the issue that the evidence is insufficient to support his convictions in his petition for postconviction relief. The trial court, however, refused to consider the is-

sue. It based its refusal on *State v. Knaffla*, 309 Minn. 246, 243 N.W.2d 737 (1976) and stated:

[Walker's] first contention is that the evidence at trial was insufficient to convict him of any of the crimes for which he was sentenced. [Walker's] allegations that the evidence was insufficient must fail because they are attempts to argue facts which have previously been decided by the trial court.

\* \* \* \* \* \*

The Minnesota Supreme Court has ruled that the purpose of post-conviction proceedings is to try fundamental issues that have not been tried before, and that issues which have been fully and fairly litigated in the proceedings leading to the judgment of conviction should not be re-litigated in post-conviction proceedings. *Knaffla*, supra [243 N.W.2d] at 741. [Walker's] post-conviction allegations regarding sufficiency of the evidence do not establish any new facts that would warrant a re-opening of the case.

The trial court's reliance on *Knaffla* for this rule was misplaced because the language the trial court relies on in *Knaffla* was actually a quote from *Tyson v. State*, 298 Minn. 559, 214 N.W.2d 461 (1974). In *Knaffla*, the Minnesota Supreme Court overruled *Tyson* to the extent that it limited review in post-conviction proceedings to issues of constitutional magnitude. The supreme court noted in *Knaffla* that Minn. Stat. § 590.01, subd. 1 allows postconviction relief for issues regarding state law as well as issues regarding federal and state constitutions. 309 Minn. at 251, 243 N.W.2d at 740–41. Based on this interpretation of section 590.01, subd. 1, the supreme court determined that:

Should the record show an insufficiency of evidence to prove acts by appellant which constitute the crime of which he was convicted, whether or not the petition for postconviction relief raises issues of constitutional magnitude is immaterial. \* \* \* a convicted defendant is entitled to at least one right of review by an appellate or postconviction court. Upon

a showing of either constitutional error or error in the admissibility or sufficiency of evidence so prejudicial as to require reversal, affirmative relief must be available.

*Id.* at 251–52, 243 N.W.2d at 741.

Ordinarily, a reviewing court limits itself to consideration of issues presented to and considered by the trial court. *Thayer v. American Financial Advisers, Inc.,* 322 N.W.2d 599 (Minn.1982). In the interests of justice and judicial economy, however, we will consider Walker's sufficiency of the evidence issues to ensure his right to review. *See* Minn.R.Civ.App.P. 103.04.

In its findings of fact and conclusions of law the trial court found that:

21. Maude Mindrum died in the early morning hours of October 18, 1984, as a result of cardiac arrhythmia caused by extreme emotional stress and coronary artery disease.

22. The defendant caused Maude Mindrum's extreme emotional stress by his criminal actions of October 18, 1984.

23. The actions of the defendant were a direct cause of the death of Maude Mindrum.

In a case tried to the court, the trial court's findings are given the same weight as a jury verdict and will not be set aside unless clearly erroneous. *State v. Vail,* 274 N.W.2d 127, 133 (Minn.1979). When reviewing a claim of insufficient evidence, this court must view the evidence in the light most favorable to the State and assumes the trier of fact believed the State's witnesses and disbelieved any contradictory evidence. *State v. Parker,* 353 N.W.2d 122, 127 (Minn.1984).

Under this standard we find there is sufficient evidence in the record to support the trial court's findings. Walker argues that there was no causal relationship between the burglary and Maude Mindrum's heart attack. Both the physician who performed the autopsy and the chief medical examiner, who was present during the autopsy, testified that there was only a very slight chance that Maude Mindrum would have died when she did absent the emotional stress caused by the burglary. The fact that a "victim was suffering from a condition that might itself have caused death in time" does not relieve a defendant of responsibility for an injury that causes death even though he could not reasonably anticipate death would result. *State v. Smith,* 264 Minn. 307, 321, 119 N.W.2d 838, 848 (1962).

## II.

Walker also argues that the evidence was insufficient to find him guilty of first degree burglary, first degree criminal sexual conduct and aggravated robbery because the State did not prove he was a participant in these crimes. We find sufficient evidence in the record to sustain Walker's convictions for all these offenses.

In his statement to a police officer Walker admitted that he had helped remove the window and had entered the Mindrum home. He further admitted in that statement that he and the others had forced Maude Mindrum to show them where the money was kept and had then taken the money with them. Walker argues that he later denied this statement and testified at trial that he did not enter the house. Judging a witness's credibility is a duty for the trier of fact and we defer to the trial court's judgment in this matter. *See State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978).

Walker's conviction for first degree criminal sexual conduct is also supported by the evidence. Y.K. testified that one of the men had held a knife to her throat during the entire incident and that this man had both physically and sexually abused her. Y.K. could not identify her assailant. However, laboratory tests performed on the physical evidence taken from Y.K.'s sexual assault examination and from Walker, Westberry and Hodges established that only Walker could have been the donor of the seminal fluid stains found on Y.K.'s robe and nightgown.

## III.

Walker argues that because the burglary in this case was not a felony involving a special danger to human life, application of the felony murder rule was inappropriate. To determine whether the felony murder rule should be invoked courts are to consider:

> not just the elements of the felony in the abstract but the facts of the particular case and the circumstances under which the felony was committed.

*State v. Nunn,* 297 N.W.2d 752, 754 (Minn. 1980). In *State v. Back,* 341 N.W.2d 273 (Minn.1983), the supreme court found a burglary to be an appropriate underlying offense for the felony murder rule and noted:

> the felony murder rule can be used even when the underlying felony is a property offense if that offense, as committed, involves special danger to human life.

*Id.* at 276–77.

■ An examination of the circumstances in the present case shows that Walker committed the burglary in a manner that involved special danger to human life. Walker knew there were elderly women in the house, he entered late at night and he had a weapon. These factors amply support the application of the felony murder rule.

## IV.

Walker raises several issues regarding his sentencing for the nine counts on which the trial court found him guilty. The judgment roll that was filed indicates that the trial court imposed sentences on nine adjudicated convictions:

Count I: second degree felony murder

Count II: first degree burglary (others, not accomplices present)

Count III: first degree burglary (with a dangerous weapon)

Count IV: first degree burglary (assault of occupant)

Count V: first degree criminal sexual conduct (fear of bodily harm)

Count VI: first degree criminal sexual conduct (dangerous weapon)

Count VII: first degree criminal sexual conduct (personal injury)

Count VIII: aggravated robbery (Y.K.)

Count IX: aggravated robbery (Y.K. and Maude Mindrum)

For sentencing, the trial court began with Walker's existing criminal history score of 3 and imposed the presumptive sentence of 49 months for count III. The judgment roll indicates that counts II and IV were "merged" with count III. Using a criminal history score of 3 the trial court then imposed the presumptive sentence of 49 months for count VIII and the presumptive sentence of 49 months for count IX, both to run concurrently with the sentence on count III. Upon Walker's petition for postconviction relief, the sentence for count IX was vacated based on this court's decision in *Hodges,* 384 N.W.2d at 183. Walker was next sentenced on count I wherein, pursuant to *Hernandez,*[1] the trial court utilized the convictions for burglary and aggravated robbery to give a criminal history score of 5. A presumptive sentence of 205 months was imposed on count I, and was run concurrently with the sentences on counts III, VIII and IX. Finally, the trial court sentenced on count V and indicated that counts VI and VII were "merged" with count V. For this offense the trial court used a criminal history score of zero,

---

1. *State v. Hernandez,* 311 N.W.2d 478 (Minn. 1981). Prior to the *Hernandez* case the Sentencing Guidelines provided that a defendant could be given "one criminal history point for every felony conviction on which a sentence was stayed or imposed before the date of the current sentencing." *Id.* at 479. In *Hernandez* the supreme court determined that where the convictions were for three separate and distinct offenses, the trial court appropriately counted two of the convictions to aggravate the sentence for the third conviction even though all three sentences were imposed on the same day. The Sentencing Guidelines were then changed to provide that an "offender is assigned one point for every felony conviction for which a felony sentence was stayed or imposed before the current sentencing." Minnesota Sentencing Guidelines II.B.1. The term *"Hernandez* method" is now used to refer to instances where the trial court aggravates a sentence on the basis of multiple current convictions.

doubled the presumptive sentence, and ran the sentence consecutively to all other sentences. The total resulting sentence was 291 months.

### Burglary Counts

■ Walker argues that under Minn. Stat. § 609.04 all of his burglary convictions must be vacated because they are lesser included offenses of the felony murder conviction. In *Hodges*, 384 N.W.2d at 182, this court held that under Minn.Stat. § 609.585 (1984) a burglary conviction and a felony murder conviction using that burglary as the predicate felony did not violate Minn.Stat. § 609.04. Therefore Walker's convictions for burglary and second degree felony murder were appropriate.

■ Walker further argues that, in any event, two of his three burglary convictions must be vacated under section 609.04. We agree. In *Hodges*, 386 N.W.2d 709, the supreme court held:

> that for the purpose of section 609.04, the burglarious entry of one dwelling should justify only one burglary conviction.

*Id.* at 711.

The trial court reasoned and the State argues that these multiple burglary convictions for the same offense are proper because the convictions were "merged" pursuant to Minn.Stat. § 609.035. We note, however, that while merger of the three burglary convictions for sentencing is in accordance with the prohibition against multiple punishment under section 609.035, such merger does not satisfy the requirements of section 609.04.

Minn.Stat. § 609.04 provides that "Upon prosecution for a crime, the actor may be convicted of either the crime charged or an included offense, but not both." For purposes of section 609.04 a "conviction" is

defined as an adjudicated conviction.[2] *State v. Fratzke*, 354 N.W.2d 402, 410 (Minn.1984). *See also State v. LaTourelle*, 343 N.W.2d 277, 284 (Minn.1984); *State v. Plan*, 316 N.W.2d 727, 729 (Minn.1982).

The judgment roll in the present case clearly indicates adjudicated convictions for all three counts of burglary. These multiple convictions violate section 609.04. Therefore pursuant to *Hodges* two of the adjudicated burglary convictions must be vacated.

### Use of Burglary Conviction to Aggravate Sentence

■ Walker next contends that the trial court erred when it used his burglary conviction under Minn.Stat. § 609.585 to enhance his criminal history score. We agree. Comment II.B.102 of the Sentencing Guidelines provides that:

> When multiple current convictions arise from a single course of conduct and multiple sentences are imposed on the same day pursuant to Minn.Stat. §§ 609.585 or 609.251, the conviction and sentence for the 'earlier' offense should not increase the criminal history score for the 'later' offense.

The trial court erred in using the burglary conviction to enhance Walker's criminal history score. *See State v. Eberhardt*, 379 N.W.2d 242, 246 (Minn.Ct.App.), *pet. for rev. denied*, (Minn. Feb. 19, 1986).

### Criminal Sexual Conduct Convictions

The judgment roll indicates adjudicated convictions for all three counts of first degree criminal sexual conduct. In *State v. Jackson*, 363 N.W.2d 758 (Minn.1985) the supreme court noted the broad protections of Minn.Stat. § 609.04.

> Section 609.04, * * * exceeds the requirements of Blockburger.[3] By defining "a

---

**2.** Minn.Stat. § 609.02, subd. 5 (1984) defines "conviction" to mean "(1) A plea of guilty; or (2) A verdict of guilty by a jury or a finding of guilty by the court." Under Minn.Stat. § 609.-04, however, only "adjudicated convictions" are considered. "Whether a defendant was 'formally adjudicated' guilty of an offense is usually determined by looking at the official judgment of conviction which appears as a separate sheet

in the file." *State v. Plan*, 316 N.W.2d 727, 729 (Minn.1982).

**3.** The court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) explained the protections of the Double Jeopardy Clause as follows:

lesser degree of the same crime" as an included offense, section 609.04, subd. 1(1), expressly prohibits multiple convictions which might not be prohibited by the Double Jeopardy Clause. * * * Moreover, we have consistently held that section 609.04 bars multiple convictions under different sections of a criminal statute for acts committed during a single behavioral incident.

*Id.* at 760 (footnote omitted).

■■ In the present case there was only one sexual assault. However, Walker received three convictions under three sections of the criminal sexual conduct statute. Those convictions are contrary to the supreme court's ruling in *Jackson*. Walker is correct in his argument that two of the adjudicated convictions for first degree criminal sexual conduct must be vacated.

## Aggravated Robbery and Criminal Sexual Conduct Convictions

■■ Walker also contends that under section 609.035 the trial court was barred from imposing sentences for both the first degree criminal sexual conduct convictions and the aggravated robbery conviction. He claims that these offenses were part of the same behavioral incident with the sexual assault being utilized to achieve the unitary objective of robbery.

Section 609.035 limits punishment to one sentence for a single behavioral incident. *State v. Eaton*, 292 N.W.2d 260, 266 (Minn. 1980). To determine if the protections of section 609.035 apply:

the court must ascertain whether the conduct underlying the offenses was unitary or divisible. The test employed, when intent is an element of each offense, is whether the conduct involved was motivated by a desire on the part of the defendant to obtain a single criminal objective, or whether the motivation was divisible into two or more criminal objectives.

The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two

*State v. Gilbert*, 262 N.W.2d 334, 338 (Minn.1977). In the present case Walker's actions and motives were disparate enough to evidence the existence of two separate criminal objectives. *See State v. Edwards*, 380 N.W.2d 503, 511 (Minn.Ct.App.1986); *State v. Southard*, 360 N.W.2d 376, 384 (Minn.Ct.App.), *pet. for rev. denied*, (Minn. Apr. 12, 1985). Therefore the trial court's imposition of sentences for both offenses was appropriate and did not violate section 609.035.

## Consecutive Sentences and the Hernandez Method

In sentencing consecutively on the first degree criminal sexual conduct conviction, the trial court used a criminal history score of zero as required by the Sentencing Guidelines II.F. Standing alone, this consecutive sentence was appropriate under section II.F.2. of the Guidelines which provides a consecutive sentence may be given:

When the offender is convicted of multiple current felony convictions for crimes against different persons * * *.

However, Walker argues that the trial court should not have combined the *Hernandez* method of sentencing for the concurrent sentences with a consecutive sentence for another offense.

We recognize that when the *Hernandez* method is used to calculate a defendant's criminal history score only concurrent sentencing is allowed. *State v. Moore*, 340 N.W.2d 671, 673 (Minn.1983). We can find nothing in the Sentencing Guidelines, however, that prohibits combining consecutive sentences for some convictions with the *Hernandez* method for other concurrent sentences. In fact such ability to combine appears to be assumed in Comment II.F.02 of the Sentencing Guidelines:

When concurrent and consecutive sentences are imposed for different offenses, the most severe offense involving consecutive sentencing shall be sen-

offenses or only one, is whether each provision requires proof of a fact which the other does not * * *.

*Id.* at 304, 52 S.Ct. at 182.

tenced first. * * * The presumptive duration for each offense sentenced consecutively shall be based on a zero criminal history score. The presumptive duration for each offense sentenced concurrently shall be based on the offender's criminal history as calculated by following the procedures outlined in II.B.

 However, we believe that under this provision the trial court erred by sentencing on the aggravated robbery and burglary convictions before sentencing on the felony murder conviction. When imposing sentence, the trial court ordered that the sentence for the criminal sexual conduct was to run consecutively to the sentence for felony murder. Comment II. F.02 of the Guidelines provides that "the most severe offense involving consecutive sentencing shall be sentenced first." Therefore, sentence should have been imposed for the second degree felony murder conviction first, using a criminal history score of 3. The *Hernandez* method then could be employed to aggravate the concurrent sentence for aggravated robbery.[4] A criminal history score of zero would still have to be used, however, when imposing the consecutive sentence for the criminal sexual conduct conviction.

**Durational Departure for First Degree Criminal Sexual Conduct**

 Walker claims that the facts of this case did not warrant the trial court's durational departure for the criminal sexual conduct conviction. The trial court articulated several reasons for the durational departure which have been recognized in past cases as justification for an upward departure. The victim was subjected to gratuitous violence, her zone of privacy was violated, there were multiple penetrations, the victim was repeatedly threatened and was left with both physical and mental injuries. In consideration of these factors, it is clear that the trial court did

not abuse its discretion by doubling the presumptive sentence.

**V.**

In remanding for resentencing, consistent with this opinion, we note that under *State v. Prudhomme,* 303 Minn. 376, 228 N.W.2d 243 (1975) the trial court is limited to the sentence originally imposed and may not "increase the penalty for any of the offenses on which it will sentence" Walker. *Id.* at 380, 228 N.W.2d at 246. *See also State v. Holmes,* 281 Minn. 294, 298, 161 N.W.2d 650, 653 (1968) ("any increase in penalty upon a retrial inevitably discourages a convicted defendant from exercising his legal rights and is contrary to public policy"); *State v. Carver,* 390 N.W.2d 431 (Minn.Ct.App.1986).

Because the trial court originally imposed the presumptive sentence for second degree felony murder, it will be limited upon remand to imposing the presumptive sentence using the correct criminal history score.

**DECISION**

There is sufficient evidence to support Walker's convictions for second degree felony murder, burglary, aggravated robbery and criminal sexual conduct. The facts of the case are appropriate for application of the felony murder rule.

Walker's adjudicated convictions for Counts II and IV (first degree burglary) are vacated. Walker's adjudicated convictions for Counts VI and VII (first degree criminal sexual conduct) are also vacated.

Use of Walker's burglary conviction to enhance his criminal history score for sentencing on the second degree felony murder conviction was error. Also, use of the aggravated robbery conviction to enhance his criminal history score was error because sentence must first be imposed on the felony murder conviction. We remand

---

4. Because we determined that multiple sentencing on Walker's convictions for criminal sexual conduct and aggravated robbery did not violate Minn.Stat. § 609.035, use of the *Hernandez* method was proper. *See State v. Gartland,* 330 N.W.2d 881, 883 (Minn.1983).

for resentencing consistent with this opinion.

Affirmed in part, reversed in part and remanded.