**STATE of Minnesota, Respondent,**

v.

**Ronald FRENCH, Appellant.**

**No. C7–86–915.**

Court of Appeals of Minnesota.

Jan. 27, 1987.

Review Denied March 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., Tom Foley, Ramsey Co. Atty., Darrell C. Hill, Asst. Co. Atty., St. Paul, for respondent.

C. Paul Jones, Public Defender, Susan K. Maki, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by FORSBERG, P.J., and SEDGWICK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Ronald French was convicted of four counts of felony theft, Minn.Stat. § 609.52, subd. 2(1) and subd. 3(2) (1984), and two counts of receiving stolen property, Minn.Stat. § 609.53, subd. 1(2) (1984), as a result of his sale of stolen property. He claims a restitution order must be vacated as well as three of his convictions, that deposition testimony was used in violation of his confrontation rights and that the evidence was insufficient to sustain his convictions. We affirm but vacate the restitution order and three of appellant's convictions.

## FACTS

Danielle James' home was burglarized around May 18, 1982, and her Wallace rosepoint silverware was stolen. James reported the burglary to the police and to two precious metal dealers, Capitol City Coin and Mowrey's. Fred Steward of Capitol City Coin made two separate purchases of Wallace rosepoint silver pieces from appellant on May 19 and 21, 1982, and notified the police. James positively identified several pieces as belonging to her. John Maguire of Mowrey's bought Wallace rosepoint silverware from appellant on June 22, 1982; he also called the police. James positively identified those items as hers.

On July 31, 1982, the Costanzi's St. Paul home was burglarized. A 1964 Cretin High School class ring belonging to Barry Costanzi was taken. A third floor apartment in the home, rented by Mark Matsen and Peter and Tom Bicanich, was also burglarized. A 1970 Chisholm High School class ring belonging to Matsen was stolen, as well as a JVC stereo cassette deck.

Fred Steward of Capitol City Coin purchased the two school rings for scrap from appellant on August 6, 1982. They were later identified by Marianne Costanzi, Barry's mother.

A St. Paul police officer went to appellant's apartment in Minneapolis on August 19, 1982, and took appellant to the police station for questioning concerning the silverware and rings. Appellant claimed the silverware belonged to his mother and that he bought the rings from someone at Milton and Selby Streets in St. Paul. Appellant acknowledged that thieves and burglars hang out at that corner and became flustered and agitated when told he was lying and that the items had been stolen shortly before appellant had sold the property.

Appellant was charged in connection with the stolen property but fled after he was released on bond pending trial. Appellant was later arrested on October 28, 1985. He was convicted of four counts of theft involving the silverware and two counts of receiving stolen property in connection with the rings. He was sentenced on three of the convictions to concurrent sentences as follows:

> Count III (Theft), for the transfer of silverware to Steward, 17 months.

Count I (Theft), for the transfer of silverware to Maguire, 19 months.

Count VI (Receiving Stolen Property), for unlawful possession of the two rings, 32 months.

Appellant was also ordered to pay restitution of $163.40 to Capitol City Coin and $154 to W.E. Mowrey Company.

## ISSUES

1. Did the trial court err in imposing restitution?

2. Did the trial court err in adjudging appellant guilty of all six offenses?

3. Did the trial court err in ruling that a deposition of an unavailable witness was admissible at trial?

4. Was the evidence sufficient?

## ANALYSIS

### I.

■ Between the time the offenses were committed and the time of sentencing, the Legislature authorized the imposition of restitution along with an executed sentence. Minn.Stat. § 609.10 (1984). At the time of the offense, restitution was not a sentencing option in conjunction with an executed sentence. *State v. Wentz*, 343 N.W.2d 667 (Minn.1984). The State concedes that under ex post facto principles, the restitution obligation must be discharged.

### II.

Appellant was charged and convicted by the jury as follows:

Counts I and II: Alternate counts of theft regarding the silverware sale on June 22, 1982.

Counts III and IV: Alternate counts of theft regarding the silverware sale on May 19 and 21, 1982.

Counts V and VI: Alternate counts of receiving stolen property regarding the sales of the rings on August 6, 1982.

Appellant was sentenced on Counts I, III and VI. At sentencing the trial court "adjudged" appellant guilty of the remaining counts. The judgment roll indicates that appellant was adjudicated guilty on Counts II, IV and V. Appellant asserts that he cannot be convicted twice of the same offense based on the same act or course of conduct. *State v. Hodges*, 386 N.W.2d 709, 710 (Minn.1986). Appellant also claims the criminality of his conduct may not be exaggerated by obtaining multiple convictions of the same offense simply because the single act violates multiple statutory provisions. *State v. Patch*, 329 N.W.2d 833, 837 (Minn.1983).

■ The State does not argue with appellant's thesis that if the convictions were "adjudicated" they must be vacated. Rather, the State argues they were not adjudicated because no sentence was imposed. However, this is not the test. *See Walker v. State*, 394 N.W.2d 192 (Minn.Ct. App.), *pet. for rev. denied*, (Minn. Nov. 26, 1986). The official judgment of conviction must be examined to determine whether a conviction is "adjudicated." *Id.* at 198 n. 2, citing *State v. Plan*, 316 N.W.2d 727, 729 (Minn.1982). The Minnesota Supreme Court, in addressing this issue in *State v. LaTourelle*, 343 N.W.2d 277 (Minn.1984), stated:

We hold that the proper procedure to be followed by the trial court when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated for a reason not relevant to the remaining unadjudicated conviction(s), one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed, with credit, of course, given for time already served on the vacated sentence.

*Id.* at 284. The trial court should have followed the recommendations of *LaTourelle* by not adjudicating formally on the counts.

We do not agree with the State that an adjudication of conviction exists only if there is a sentence or stay of imposition imposed. While a cursory reading of *State v. Fratzke,* 354 N.W.2d 402, 410 (Minn.1984) may appear to support this contention, upon closer analysis it must fail. *Fratzke* can be reconciled with *LaTourelle* and *Plan.* The *Fratzke* court states, "There was no sentence or stay of imposition of sentence on the aggravated robbery charge—that charge *was never mentioned in the trial court's sentencing order." Id.* (Emphasis added.) We read this as inferring that the offense was never adjudicated as defined in *Plan* and *LaTourelle.* Appellant's convictions for Counts II, IV and V must be vacated.

### III.

Appellant's trial was scheduled for December 9, 1985. Appellant appeared and pleaded guilty to two of the six counts. The trial court took the pleas under advisement and on January 17, 1986, ruled that it would not accept the pleas. In anticipation of this, the State had notified defense counsel that one of its witnesses, Barry Costanzi, would not be available at trial because he was a Merchant Marine. The State indicated it intended to depose Costanzi, pursuant to Minn.R.Crim.P. 21.01, if defense counsel would not stipulate to his testimony.

Prior to the deposition, which defense counsel attended over objection, the pre-trial court ruled that the deposition could proceed and that it would be admissible at trial. This ruling was later affirmed by the pre-trial court on the record. Trial was scheduled for February 3, 1986.

At trial the deposition was read into the record. In it, Costanzi identified the high school class ring as his and that the ring was in the custody of his parents in 1982.

In the deposition cross-examination, Costanzi testified that he was scheduled to return to the ship Sansinena II on January 22, 1986. The ship makes several round trips between California and Alaska, and he was to serve for 75 days straight. Costanzi indicated he could be contacted by calling the West Coast Shipping Company in Los Angeles who might be able to get a message to the ship. He indicated he would be in California less than 24 hours during the 75 days because he is absolutely required to be with the ship when it is in port.

Minn.R.Crim.P. 21.06, subd. 1 provides:

**Subd. 1. Unavailability of Witness.** At the trial, or upon any hearing, a part or all of a deposition, so far as otherwise admissible under the rules of evidence, may be used as substantive evidence if it appears: (a) that the witness is dead or unable to be present or to testify at the trial or hearing because of then existing physical or mental illness or infirmity; or (b) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena, order of court, or other reasonable means.

The parallel rule of evidence in Minn.R. Evid. 804 provides that a witness is unavailable if the witness:

(4) is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

(5) is absent from the hearing and the proponent of his statement has been unable to procure his attendance * * * by process or other reasonable means.

These rules are designed to ensure that the defendant's confrontation rights are not violated by requiring the prosecution to produce or demonstrate the unavailability of the declarant whose statement it wishes to use against the defendant. *See Ohio v. Roberts,* 448 U.S. 56, 65, 100 S.Ct. 2531, 2538, 65 L.Ed.2d 597 (1980).

Obviously, Costanzi was not dead or unable to appear because of then existing physical or mental illness or infirmity. Rather, his absence was because of his job duties. To use his deposition testimony, therefore, the State had to establish that it was unable to procure his attendance by subpoena, court order or other reasonable means.

The State did not attempt to procure Costanzi's attendance, apparently because it may have been inconvenient to him or to his employer. Mere absence from the jurisdiction is not sufficient to establish unavailability. *Barber v. Page*, 390 U.S. 719, 724–25, 88 S.Ct. 1318, 1321–22, 20 L.Ed.2d 255 (1968). The State must show a diligent, good-faith effort was made to secure the return of the witness. *State v. Shotley*, 305 Minn. 384, 387, 233 N.W.2d 755, 758 (1975). No such effort was made at all. We have no doubt that appellant's confrontation rights were violated by admission of the deposition. *See Ohio v. Roberts*, 448 U.S. at 74–75, 100 S.Ct. at 2543.

Nevertheless, the harmless error standard is applicable to confrontation clause violations. *Delaware v. Van Arsdall*, —— U.S. ——, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Costanzi's testimony was relatively inconsequential. It was also cumulative since his mother testified the ring was stolen and was her son's. Costanzi was cross-examined at the deposition, and it was not crucial for the jury to observe his demeanor. In view of the remaining evidence of guilt, the error was harmless beyond a reasonable doubt.

## IV.

We have reviewed the record and conclude that under the appropriate standards for review of criminal convictions, *State v. Merrill*, 274 N.W.2d 99, 111 (Minn.1978), the evidence is sufficient to sustain appellant's convictions. Unexplained possession of recently stolen property supports a conclusion that appellant knew the property was stolen. *State v. Boykin*, 285 Minn. 276, 279, 172 N.W.2d 754, 757 (1969); *State v. Carter*, 293 Minn. 102, 104–05, 196 N.W.2d 607, 609 (1972). Moreover, the evidence of flight suggests consciousness of guilt. *See State v. Ahiagbede*, 394 N.W.2d 187 (Minn.Ct.App.1986).

## DECISION

Appellant's convictions are affirmed. The restitution obligation is vacated as well as appellant's convictions for Counts II, IV and V.

Affirmed as modified.

FORSBERG, Judge (dissenting):

I respectfully dissent. The majority cites *State v. Plan*, 316 N.W.2d 727 (Minn.1982), to support the contention that the determination of whether a conviction is formally "adjudicated" is determined by looking at the official judgment of conviction. The Minnesota Supreme Court has since decided two cases which further define an "adjudicated conviction." I believe that under *State v. LaTourelle*, 343 N.W.2d 277 (Minn.1984), and *State v. Fratzke*, 354 N.W.2d 402 (Minn.1984), appellant's convictions for counts II, IV, and V, were not "adjudicated."

In *LaTourelle*, the court stated that:

[t]he proper procedure to be followed by the trial court when the defendant is convicted on more than one charge for the same act is for the court to adjudicate formally and impose sentence on one count only. The remaining conviction(s) should not be formally adjudicated at this time. If the adjudicated conviction is later vacated * * * one of the remaining unadjudicated convictions can then be formally adjudicated and sentence imposed * * *.

343 N.W.2d at 284.

The court further clarified the definition of an adjudicated conviction in *Fratzke*. In *Fratzke*, the defendant was convicted of first degree murder under the felony murder section of the statute, and of aggravated robbery. The court stated that Fratzke could be convicted on more than one charge, but that only one conviction could be "adjudicated." 354 N.W.2d at 410. The court stated "[a]n adjudication of conviction is defined [as] * * * '[t]he sentence or stay of imposition of sentence * * *.'" *Id.* quoting Minn.R.Crim.P. 27.03, subd. 7. The court held that since there was no sentencing or stay of imposition of sentencing on the conviction of aggravated robbery, it was not an "adjudicated convic-

tion," and therefore need not be vacated. *Id.* Accordingly, I would hold that since defendant was not sentenced on his convictions for counts II, IV, and V, and there was no stay on the imposition of sentencing, these convictions were not formally "adjudicated," and thus need not be vacated.