*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A13-0989**

State of Minnesota,
Respondent,

vs.

Damian Mata,
Appellant.

**Filed July 7, 2014
Affirmed as modified
Connolly, Judge**

Polk County District Court
File No. 60-CR-12-1740

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Gregory A. Widseth, Polk County Attorney, Crookston, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Davi E. Axelson, Assistant Public Defender, St. Paul, Minnesota (for appellant)


Considered and decided by Peterson, Presiding Judge; Connolly, Judge; and Willis, Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges his convictions of two counts of first-degree driving while impaired, arguing that (1) the district court erred in denying his motion to suppress and (2) the district court improperly convicted him of two counts of driving while impaired when the convictions arose out of the same behavioral incident and were different subdivisions of the same statute. We affirm as modified.

## FACTS

Around 9:00 p.m. on August 4, 2012, a 911 dispatcher for the Polk County Sheriff's Office received a call reporting a possible drunk driver. The caller identified himself and gave his telephone number. He reported that a male driving an aqua Chrysler 300M "flew past" him on the shoulder of Highway 2, driving erratically. He reported that the vehicle turned onto the U.S. Highway 75 bypass, which would bring it into the northeast corner of Crookston via westbound Fisher Avenue.

The dispatcher relayed the information to Crookston Police Sergeant Dacian Bienek and Officer Brooks Johnson. Officer Johnson drove eastbound on Fisher Avenue, where he passed an aqua Chrysler 300M driving west. He radioed Sergeant Bienek that the suspect vehicle may have passed him and was heading toward Sergeant Bienek's location. He then stopped to check on three vehicles pulled onto the shoulder. One of the drivers told him that the vehicle that had just passed had almost killed them. Officer Johnson radioed Sergeant Bienek that the aqua Chrysler was the suspect vehicle.

Further west on Fisher Avenue, Sergeant Bienek observed a westbound aqua Chrysler with a male driver. He followed the vehicle until it turned into a driveway and the driver exited the vehicle. Sergeant Bienek activated his emergency lights and instigated an investigatory stop. He recognized the driver as appellant Damian Mata and observed that Mata appeared to be intoxicated. After administering field sobriety tests and a preliminary breath test indicating a 0.146 alcohol concentration, Sergeant Bienek arrested Mata for driving while impaired. A later blood sample revealed a 0.14 alcohol concentration.

Mata was charged with first-degree driving while impaired (driving while under the influence of alcohol) in violation of Minn. Stat. § 169A.20 subd. 1(1) (2012) and 169A.24, subd. 2 (2012);[1] first-degree driving while impaired (driving with an alcohol concentration of 0.08 or more as measured within two hours of the time of driving) in violation of Minn. Stat. § 169A.20 subd. 1(5) (2012) and 169A.24, subd. 2; and driving after revocation in violation of Minn. Stat. § 171.24, subd. 2 (2012). The state later dismissed the third count.

At a contested omnibus hearing on October 1, 2012, Mata argued that the stop was unlawful because it was not based on a reasonable and articulable suspicion of criminal activity and therefore the evidence obtained from the stop must be suppressed. The district court denied the motion to suppress, concluding that the state met its burden.

---

[1] Mata was convicted of a felony under Minnesota Statutes section 169A in November 2009.

The parties agreed to a stipulated-facts trial. On February 4, 2013, the district court adjudicated Mata guilty of both counts of first-degree driving while impaired. The district court sentenced Mata to 60-months' incarceration on count two (driving with an alcohol concentration of 0.08 or more) and did not impose a sentence on count one.

This appeal follows.

## DECISION

### I.

Mata argues that the police lacked reasonable suspicion to stop his car, and that the district court erred in denying his motion to suppress. Both the U.S. and Minnesota Constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; Minn. Const. art. I, § 10. An investigatory stop is valid where the police officer has a "particularized and objective basis for suspecting the particular persons stopped of criminal activity." *State v. Kvam*, 336 N.W.2d 525, 528 (Minn. 1983) (quotation omitted). An objective basis exists so long as "the stop was not the product of mere whim, caprice or idle curiosity." *State v. Pike*, 551 N.W.2d 919, 921 (Minn. 1996). This standard is "not high." *State v. Bourke*, 718 N.W.2d 922, 927 (Minn. 2006) (quotation omitted). We review de novo a district court's determination regarding the legality of an investigatory traffic stop and questions of reasonable suspicion. *State v. Britton*, 604 N.W.2d 84, 87 (Minn. 2000).

This court considers the totality of the circumstances to determine whether police had a reasonable basis justifying a stop. *Id.* "The information necessary to support an investigative stop need not be based on the officer's personal observations, rather, the

police can base an investigative stop on an informant's tip if it has sufficient indicia of reliability." *Matter of Welfare of G.M.*, 560 N.W.2d 687, 691 (Minn. 1997). Tips from private-citizen informants are presumptively reliable, especially when the informant provides identifying information that would allow the police to locate them if necessary. *State v. Davis*, 732 N.W.2d 173, 182-83 (Minn. 2007).

Mata argues that "[i]t is too abbreviated an argument to simply suggest that the stop . . . was justified because [the vehicle] happened to match a description and was near the officer's area of patrol within a certain time frame." He argues that "the lack of explanation as to the particularized reason for stopping the vehicle and the lack of corroboration of driving behavior serves only to support that the vehicle was stopped as a product of mere chance."

We conclude that the police had a particularized and objective basis for suspecting Mata of criminal activity. It was unnecessary for the officers to personally observe suspicious driving conduct because the tip was sufficiently reliable. *See Matter of Welfare of G.M.*, 560 N.W.2d at 691. The informant identified himself to the police and was presumptively reliable. *See Davis*, 732 N.W.2d at 182-83. The informant provided a description of the vehicle and its occupants, the conduct that led to his suspicion that the driver was intoxicated, and the last known location of the vehicle.

Officer Johnson witnessed a vehicle matching the description in the specific location reported and received an additional eyewitness tip identifying that vehicle as driving erratically. Based on this information, Sergeant Bienek located the vehicle a short time and distance away and instigated a stop. These facts gave the police sufficient

5

information to reasonably suspect that Mata was driving while impaired. *See State v. Pealer*, 488 N.W.2d 3, 5 (Minn. App. 1992) (finding reasonable suspicion when a "known confidential informant described the vehicle, gave the name of the driver, and placed it at a specific location" and the vehicle was located 20 minutes later).

## II.

Mata argues that the district court improperly convicted him of both counts of first-degree driving while impaired, asserting that the convictions arose out of the same behavioral incident and involve different subdivisions of the same statute. This issue was not raised at the time of sentencing, but a defendant "does not waive relief from multiple sentences or convictions arising from the same behavioral incident by failing to raise the issues at the time of sentencing." *State v. Clark*, 486 N.W.2d 166, 170 (Minn. App. 1992).

Minn. Stat. § 609.04, subd. 2 (2012), provides that "[a] conviction or acquittal of a crime is a bar to further prosecution of any included offense, or other degree of the same crime." While both driving under the influence and driving with an alcohol concentration of .08 or more within two hours of driving may be charged and tried together, they are different sections of the same criminal statute, and a defendant may be convicted and sentenced under only one. *See Clark*, 486 N.W.2d at 170-71 (reversing dual convictions under the same charges).

The state argues that it is unnecessary to vacate the conviction under subdivision 1 (1) because the district court did not impose a sentence for that count. But this court rejected this argument in *State v. French*, noting that "this is not the test. The official

judgment of conviction must be examined to determine whether a conviction is 'adjudicated.'" 400 N.W.2d 111, 114 (Minn. App. 1987) (citations omitted), *review denied* (Minn. Mar. 25, 1987). Here, the judgment of conviction states that Mata was adjudged guilty of both counts. At sentencing, the district court stated that "it is the [c]ourt's intention to sentence on [c]ount 2 in relation to this matter as opposed to [c]ount 1, even though there is an adjudication of guilt on each item." And finally, the warrant of commitment indicates that Mata was convicted of and adjudicated on both counts. The adjudication for driving while under the influence of alcohol in violation of Minn. Stat. § 169A.20 subd. 1(1) is therefore vacated.

**Affirmed as modified.**